1  ERIKA L. SHAO  (SBN: 265917)
   eshao@grsm.com
2  WANJA S. GUY  (SBN: 275734)
   wguy@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   633 West Fifth Street, 52nd floor
4  Los Angeles, CA 90071
   Telephone: (213) 576-5034
5  Facsimile: (213) 680-4470

6  Attorneys for Defendant
   BALL METALPACK LLC (erroneously named and served as BALL METALPACK
7  (OAKDALE), LLC)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KIMBERLY MERCER | ) | CASE NO. |
|---|---|---|
| Plaintiff, | ) ) ) | **DEFENDANT BALL METALPACK LLC'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 1441 (A) AND (B) (DIVERSITY)** |
| vs. | ) ) ) ) | |
| BALL METALPACK (OAKDALE), LLC, BALL METALPACK, LLC, BALL CORPORATION, and DOES 1 through 100, inclusive, | ) ) ) ) ) | |
| Defendants. | ) ) ) | Complaint filed: November 2, 2021 |

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Ball Metalpack, LLC (erroneously named and served as Ball Metalpack (Oakdale), LLC) ("Defendant"), hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(a) and (b) to remove this action from the Superior Court of California for the County of Stanislaus ("Stanislaus County Superior Court") based on diversity jurisdiction. In support thereof, Defendant avers the following:

## I. THE COMPLAINT AND TIMELINESS OF REMOVAL

On November 2, 2021, Plaintiff Kimberly Mercer ("Plaintiff"), by and through her attorney, filed a civil action in the Superior Court of the State of California for the County of Stanislaus, entitled *Kimberly Mercer, an individual v. BALL METALPACK, (OAKDALE) LLC, et al.*, Case No. CV-21-005945 (the "Complaint"). A copy of the Summons and Complaint with the Proofs of Service and Civil Case Cover Sheet, Notice of Case Management Conference, ADR Information Packet, and Answer(s) comprising all copies of process, pleadings, and orders filed in the state court action are attached as Exhibit A to the Declaration of Wanja S. Guy ("Guy Decl.").

Defendant was served with the Summons and Complaint on or about November 8, 2021. (*See* Guy Decl., ¶4). This Notice is timely because it is filed within thirty days after Defendant was served with a copy of the Complaint, as is required by 28 U.S.C. § 1446(b). See *Murphy Bros., Inc. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 (1999) (actual service of process is the official trigger for responsive action by a named defendant, as opposed to receipt of complaint through other means). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). This Notice of Removal is therefore filed timely within the time period provided by 28 U.S.C. section 1446(b).

The Summons and Complaint comprise all copies of process, pleadings, and orders served in the state court action and are being filed with this notice as required by 28 U.S.C. § 1446(a).

## II. DIVERSITY JURISDICTION EXISTS

The basis for removal of this case from the Stanislaus Superior Court is that

this Court has original jurisdiction of this action under 28 U.S.C. §1332 and this case is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441(b), in that it is a civil action wherein the amount in controversy exceeds $75,000, exclusive of interests and costs, and is a civil action between citizens of different states such that complete diversity exists.

### 1. **Plaintiff is a Citizen of the State of California**

Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co*, 265 F.3d 853, 857 (9th Cir. 2001). Defendant is informed and believes that Plaintiff was, at the time this action was commenced, and still is, a resident and citizen of the State of California.

Plaintiff identifies herself as an individual in the caption of her Complaint. She alleges that in about 1991 and on she "has been a citizen of the State of California.: (Complaint, 2:3-10, Exhibit A to Guy Decl.). A natural person is a citizen in the state of her domicile, which is generally identified though "a compound of physical presence plus an intention to make a certain definite place one's permanent abode." *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001). Further, Plaintiff states that she was employed by Defendant in the city of Oakdale, California, in the County of Stanislaus. *Ibid*. A place of employment or business can also be used to determine citizenship of a particular state. See *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) ("[D]etermination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of brokerage

*(Left margin: Gordon Rees Scully Mansukhani, LLP / 633 West Fifth Street, 52nd floor / Los Angeles, CA 90071)*

and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes"). Based on the information asserted by Plaintiff in her complaint, Plaintiff is a citizen of the State of California.

2. **Defendant is a citizen of the state of Colorado**

Defendant is a limited liability company ("LLC"). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). All of the membership interests in Defendant are held by Charles E. Baker, James N. Peterson, and John A. Hayes. (See Statement of Information and Name Change Amendment, Exhibits B & C to Guy Decl.). Accordingly, because all members of Defendant are citizens of Colorado for purposes of diversity, Defendant is also a citizen of Colorado for diversity purposes. (Guy Decl. ¶¶ 5-6.)

3. **Ball Corporation is a citizen of the states of Indiana and Colorado**

A corporate defendant, like Ball Corporation ("Ball Corp.") is a citizen of any state in which it is incorporated and the state where it maintains its principal place of business pursuant to 28 U.S.C. section 1332(c)(1). At the time the Complaint was filed in state court, and presently at the time of removal, Ball Corp. is incorporated in another state. Ball Corp. is an Indiana corporation. (See Statement of Information, Exhibit D to Guy Decl. ¶ 7.) The United States Supreme Court has recognized that a corporation's "principal place of business" is determined by its "nerve center" or the state where high level officers direct, control and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). A corporate defendant can only have one "nerve center." *Id*. at 93-94. In evaluating where a corporate defendant's "nerve center" is located, courts will look to the center of overall direction, control and coordination of the company and will no longer weigh corporate functions, assets or revenues in each state. *Id*. At the time Plaintiff filed her Complaint, as well as at the present time,

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Ball Corp.'s corporate headquarters is located in Colorado where its high-level officers direct, control, and coordinate its activities in Colorado. Accordingly, Ball Corp. is a citizen of Indiana and Georgia for diversity purposes. (Guy Decl. ¶ 7.)

4. **Doe Defendants**

Plaintiff has listed Doe Defendants in his Complaint. However, Defendant is not aware of any Doe Defendant having been served with a copy of the Summons and Complaint. Moreover, the citizenship of Doe Defendant is disregarded for purpose of removal. 28 U.S.C. § 1441(a). Thus, there is complete diversity between the parties in this case and this Court has traditional diversity jurisdiction over this action.

## III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

In the Complaint, Plaintiff asserts eight causes of action against Defendant for: (1) Harassment based upon gender in violation of FEHA, (2) Harassment in Violation of public policy, (3) Retaliation in violation of FEHA, (4) Retaliation in violation of Labor Code §1102.5, (5) Retaliation in violation of public policy, (6) Discrimination based on actual or perceived disability in violation of FEHA, (7) Retaliation in violation of CFRA, and (8) Failure to prevent, harassment, discrimination, and retaliation in violation of FEHA. Based on the alleged causes of action, Plaintiff prays for general damages, including mental pain and anguish and emotional distress, special damages, including lost wages, earnings, retirement benefits, lost earning capacity, and other sums of money with interest, compensatory damages, prejudgment interest, post-judgment interest, reasonable attorney's fees and costs, and punitive and/or exemplary damages. (See Complaint 35:1-15; Exhibit A to Guy Decl.).

Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the potential claim exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996);

*Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp. 993, 1001, citing *Burns v. Windsor Ins. Co.* (11th Cir. 1994) 31 F.3d 1092, 1096 (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.* (3d Cir. 1993) 989 F.2d 142, 146 ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Moreover, the argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.* (2002) 281 F.3d 837, 843, n.1, citing *Willingham v. Morgan* (1969) 395 U.S. 402, 407 n.3.

The amount in controversy may include general and special compensatory damages and attorney's fees that are recoverable by statute such as the California Fair Employment and Housing Act ("FEHA") (Government Code §§12940 et seq.) which may be at issue in this case. *Galt G/S v. JSS Scandinavia* (1998) 142 F.3d 1150, 1155-56 and *Goldberg v. CPC Int'l, Inc.* (1982) 678 F.2d 1365, 1367, cert. denied, 459 U.S. 945 (1982) (attorney's fees may be taken into account to determine jurisdictional amount). The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. See e.g., *Simmons v. PCR Technology* (2002) 209 F.Supp.2d 1029, 1035 (attorneys' fees in individual employment discrimination cases often exceed damages). Indeed, cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. See *Galt G/S*, *supra*, 142 F.3d at 1155-56. Furthermore, such fees are calculable beyond the time of removal. *Simmons*, 209 F.Supp.2d at 1035. At a conservative rate of $250 per hour, Plaintiff would reach the jurisdictional

DEFENDANT BALL METALPACK LLC'S NOTICE OF REMOVAL
OF ACTION TO THE UNITED STATES DISTRICT COURT

threshold of $75,000 in 300 hours. *Tiffany v. O'Reilly Auto. Stores, Inc.*, No. CIVS-13-0926 LKK/KJN (2013), U.S. Dist. LEXIS 130082 (E.D. Cal. Sept. 10, 2013) (estimating future attorney's fees using rate of $250 per hour). Indeed, Plaintiff's attorneys' fees alone will exceed $75,000 if the case proceeds to trial since the Plaintiff is represented by counsel in this case.

In our case, Plaintiff alleges that the Defendant unlawfully retaliated against her after complaining about sexual and gender harassment, identifying more than twenty incidents of retaliation. (See Complaint, ¶¶ 43-59, Exhibit A to Guy Decl.) Plaintiff alleges that Defendant is liable for $10,000 in civil penalties for each incident of retaliation under Lab. Code §1102.5, totaling <u>in excess of $200,000</u>. (See Complaint, ¶ 118, Exhibit A to Guy Decl.) Plaintiff alleges that the harassing conduct caused her to take a medical leave from February 2019 until February 2020 to seek treatment for a serious medical condition caused by this conduct. (See Complaint, ¶¶ 34, 73, Exhibit A to Guy Decl.)  Consequently, Plaintiff is seeking a money judgment for not only lost wages and earnings, but also "<u>lost earning capacity</u>;" "retirement benefits and other employee benefits;" "mental pain and anguish, and emotional distress;" punitive and exemplary damages; and attorney fees. (See Complaint 34:1-14, Exhibit A to Guy Decl.)

Moreover, by filing the Complaint in the Stanislaus Superior Court's unlimited jurisdiction arm, Plaintiff concedes that she seeks at least $25,000 in damages because the jurisdictional limit for unlimited civil cases in California is $25,000. California Code of Civil Procedure §§86, 88.

Punitive damages also are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n* (1963) 325 F.2d 785, 787. See also *Aucina v. Amoco Oil Co.* (1994) 871 F. Supp. 332, 334. Plaintiff seeks punitive damages. (See Complaint 35:7 Exhibit A to Guy Decl.).

Taken together, Plaintiff's potential recovery for lost wages, lost earning capacity, benefits, emotional distress damages, statutory penalties, punitive

damages and attorney's fees satisfy the jurisdictional prerequisite for establishing the amount in controversy. It cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount if Plaintiff prevails at trial. Accordingly, the amount in controversy in this case exceeds the requirement under 28 U.S.C. §1332(a).

### IV.     DIVERSITY JURISDICTION IS SATISFIED

This action may be removed to this Court by Defendant, pursuant to the provisions of 28 U.S.C. sections 1332, 1441, *et seq*. and 1446(b), because the action is between citizens of different states and, based on the facts and contentions set forth above, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs. The notice of removal was filed within thirty (30) days of November 8, 2021, which is the date of service. Thus, this Notice of Removal is therefore filed within the time period provided by 28 U.S.C. section 1446(b).

### V.     ALL NAMED AND SERVED DEFENDANTS JOIN REMOVAL

Co-defendant Ball Corp. joins in this notice of removal. (Guy Decl., ¶8.)

### VI.     SERVICE OF NOTICE ON PLAINTIFF AND STATE COURT

Defendant will promptly give Plaintiff written notice of filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for the County of Stanislaus, where the action is currently pending, as required by 28 U.S.C. §1446(d). (Guy Decl., ¶9.)

WHEREFORE, Defendant, in conformance with the requirements set forth in 28 U.S.C. §1446 files this Notice of Removal of this action from the aforesaid Superior Court, in which it is now pending, to the District Court of the United States, Eastern District of California, a copy of which will be served upon Plaintiff.

Dated:  December 8, 2021                              GORDON REES SCULLY MANSUKHANI, LLP

By:  /s/ *Wanja S. Guy*
Erika L. Shao
Wanja S. Guy
Attorneys for Defendant
BALL METALPACK LLC (erroneously

-8-

1 named and served as BALL METALPACK (OAKDALE), LLC)

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1205250/63500336v.1