ERIKA L. SHAO  (SBN:  265917)
eshao@grsm.com
WANJA S. GUY  (SBN:  275734)
wguy@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone:  (213) 576-5034
Facsimile:  (213) 680-4470

Attorneys for Defendant
BALL METALPACK, LLC (erroneously named and served as BALL METALPACK (OAKDALE), LLC)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY MERCER<br><br>Plaintiff,<br><br>vs.<br><br>BALL METALPACK (OAKDALE), LLC,<br>BALL METALPACK, LLC,<br>BALL CORPORATION, and<br>DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DECLARATION OF WANJA S. GUY IN SUPPORT OF DEFENDANT BALL METALPACK, LLC'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 1441 (a) and (b) (DIVERSITY)**<br><br>Complaint filed: November 8, 2021 |

I, Wanja S. Guy, hereby declare as follows:

1.      I am an associate with the law firm of Gordon Rees Scully Mansukhani LLP, counsel for Defendant, Ball Metalpack, LLC (erroneously named and served as Ball Metalpack (Oakdale), LLC) ("Ball Metalpack"). I submit this declaration in support of Ball Metalpack, LLC's Notice of Removal to the United States District Court for the Eastern District of California.

2.      This declaration is based on my personal knowledge, unless where otherwise stated, and on my review of the documents and files in this case.

3.      Attached as Exhibit "A" is a true and correct copy of the Summons

and Complaint with the Proofs of Service, Civil Case Cover Sheet, Notice of Case Management Conference, ADR Packet, and Answer(s) comprising all the pleadings, and orders filed in the state court action.

4.      I am informed and believe that a copy of the Summons and Complaint with all Proofs of Service, Civil Case Cover Sheet, Notice of Case Management Conference, and ADR Packet in this case were served on my client on or about November 8, 2021.

5.      Attached as Exhibit "B" is a true and correct copy of Ball Metal Food Container, LLC's Statement of Information dated April 22, 2016 as filed with the California Secretary of State and available publicly for download. The Statement of Information states that all of the membership interests in Defendant are held by Charles E. Baker, James N. Peterson, and John A. Hayes, citizens of Colorado.

6.      Attached as Exhibit "C" is a true and correct copy of Ball Metal Food Container, LLC's Name Change Amendment to Ball Metalpack, LLC, dated September 10, 2018, as filed with the California Secretary of State and available publicly for download.

7.      Attached as Exhibit "D" is a true and correct copy of Ball Corporation Statement of Information dated September 4, 2020 as filed with the California Secretary of State and available publicly for download. The Statement of Information states that ("Ball Corp.") is an Indiana corporation with is principal place of business in located in Colorado.

8.      On December 7, 2021, counsel for Ball Corp., Aaron Cargain of Fisher & Phillips LLP, stated that Ball Corp. is joining the notice of removal during our telephone conversation.

9.      Defendant will promptly give Plaintiff written notice of filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for the County of Los Angeles, where the action is currently pending, as required by 28 U.S.C. §1446(d).

I declare under penalty of perjury and under the laws of the United States and California that the foregoing is true and correct to the best of my knowledge and belief. Executed this 8th day of December, 2021, at Los Angeles, California.

/s/ *Wanja S. Guy*

_____

Wanja S. Guy

# EXHIBIT A

EXHIBIT A

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BALL METALPACK (OAKDALE), LLC; BALL METALPACK, LLC;
BALL CORPORATION; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KIMBERLY MERCER

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

Electronically Filed
11/2/2021 11:10 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Sonia Krohn, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanislaus County Superior Court

801 10th Street, 4th floor, Modesto, CA 95354

CASE NUMBER:
*(Número del Caso):*

CV-21-005945

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Phil Horowitz; Law Offices of Phil Horowitz, 428 13th St, 11th Floor, Oakland, CA 94612; (415) 391-0111

DATE:                11/2/2021 11:10 PM          Clerk, by _____, Deputy
*(Fecha)*                                                      *(Secretario)*                              *(Adjunto)*
                                                                                           Sonia Krohn

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Phil Horowitz (State Bar #111624)
Chris Banks (State Bar #279895)
Law Offices of Phil Horowitz
428 Thirteenth Street, 11th Floor
Oakland, CA 94612
Telephone: (415) 391-0111
E-mail: phil@philhorowitz.com

Attorneys for Plaintiff
Kimberly Mercer

Electronically Filed
11/2/2021 11:10 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Sonia Krohn, Deputy

$435 PAID

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR STANISLAUS COUNTY

UNLIMITED JURISDICTION

| | |
|---|---|
| Kimberly Mercer,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BALL METALPACK (OAKDALE), LLC,<br>BALL METALPACK, LLC,<br>BALL CORPORATION, and<br>DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | CASE NO.　CV-21-005945<br><br>(1) HARASSMENT BECAUSE OF GENDER IN VIOLATION OF FEHA;<br>(2) HARASSMENT IN VIOLATION OF PUBLIC POLICY;<br>(3) RETALIATION IN VIOLATION OF FEHA FOR OPPOSING GENDER HARASSMENT;<br>(4) RETALIATION IN VIOLATION OF LABOR CODE §1102.5 FOR OPPOSING GENDER HARASSMENT;<br>(5) RETALIATION IN VIOLATION OF PUBLIC POLICY;<br>(6) DISCRIMINATION BECAUSE OF ACTUAL OR PERCEIVED DISABILITY IN VIOLATION OF FEHA;<br>(7) RETALIATION IN VIOLATION OF CFRA FOR TAKING MEDICAL LEAVE;<br>(8) FAILURE TO PREVENT HARASSMENT, DISCRIMINATION, AND RETALIATION IN VIOLATION OF FEHA;<br><br>*Amount Demanded Exceeds $10,000 (Govt. Code §72055)*<br><br><u>JURY TRIAL DEMANDED</u> |

By: Sonia Krohn, Deputy

Plaintiff Kimberly Mercer complains against Defendants, and each of them, demands a trial by jury of all issues except attorneys fees and costs, and for causes of action alleges:

This case has been assigned to Judge Sandhu, Sonny S.
Dept. 24
Department ____, for all purposes including Trial.

## PARTIES

1. Plaintiff Kimberly Mercer began her employment with Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack, LLC; and Ball Corporation (all three of which are hereafter collectively referred to as "Defendants" or "Ball Metalpack") through their predecessors in interest in about 1991 and has remained employed with Defendants ever since then. During the entirety of her 30+ years of employment with Defendants, Kimberly Mercer has worked in Defendants' manufacturing plant in Oakdale, CA. During that time and since, Ms. Mercer has been a citizen of the State of California.

2. Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack, LLC; and Ball Corporation do business in the State of California, including in Oakdale, and they or their predecessors in interest have done business there throughout Ms. Mercer's employment.

3. The true names and capacities of Defendants sued as DOEs are unknown to Plaintiff. Plaintiff is informed and believes that each of the DOE Defendants was responsible in some way for the occurrences and injuries alleged in this Complaint.

4. Plaintiff is informed and believes that in doing the things alleged in this Complaint, each Defendant was acting as an agent or employee of every other Defendant, was acting within the course and scope of this agency or employment, and was acting with the consent, permission, and authorization of each of the remaining Defendants. Plaintiff is also informed and believes that all actions of each Defendant alleged in this Complaint were ratified and approved by the officers or managing agents of every other Defendant.

### FACTS COMMON TO MORE THAN ONE CAUSES OF ACTION

5. At all pertinent times during Kimberly Mercer's employment, Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack, LLC; and Ball Corporation and

Complaint                                                    Case No.

their predecessors in interest qualified as "employers" under the requirements of the California Fair Employment and Housing Act ("FEHA"). At all times during her employment, Ms. Mercer was entitled to the protections embodied in FEHA. Ms. Mercer falls within the protections set forth by FEHA for gender, disability, or both.

6. At all times during Kimberly Mercer's employment with Defendants, her job performance has met or exceeded expectations and continues to do so.

7. Kimberly Mercer's job duties are varied and include those involved with operating machinery used during the process of manufacturing metal can food containers. Each day when she arrives to Defendants' plant, Ms. Mercer checks the schedule to see where she is assigned to work. For example, some days Ms. Mercer is on the floor running the machines that make the cans, and on other days she works on a palletizer, which involves loading and stacking the finished canned products on pallets.

8. Ms. Mercer estimates that on average, for at least the past seven years or more, the workforce at Defendants' Oakdale plant has consisted of about 90% men and 10% women. Ms. Mercer estimates that of those female employees, on average about 85% were over 40 years old, and on average about 50% of those female employees were over 50 years old. Ms. Mercer has observed over the years that younger female employees do not choose to continue to work very long at Defendants' Oakdale plant.

9. During her employment with Ball Metalpack, including since at least 2017 and continuing to present, Kimberly Mercer has been subjected to an ongoing and continuous pattern of unwelcome comments, "jokes," questions, some of them sexist, some of them also sexual, as well as propositions of a sexual nature, by her male coworkers, including a supervisor, while working at Defendants' plant. These things that were said were such that reasonable women would find them offensive.

- 3-

10.  During Ms. Mercer's employment with Ball Metalpack, including at least three separate occasions since late 2017, three separate male coworkers, including a supervisor, touched Kimberly Mercer in an unwelcome and sexual manner.

11.  In about late September 2017, Kimberly Mercer was working on the "line two" palletizer when her supervisor (George Vierra) walked near Ms. Mercer and told her, "you look awful sexy today."

12.  Kimberly Mercer was shocked and upset by this unwelcome comment and did her best to ignore it, turning away from Mr. Vierra. As soon as Ms. Mercer turned away and could no longer see him, George Vierra walked up behind Ms. Mercer and grabbed her buttocks. This contact was unwelcome and not consensual.

13.  Ms. Mercer was startled, disgusted, humiliated, and angry by George Vierra's unwelcome touch on a private party of her body, but she was also scared to say anything since Mr. Vierra was her supervisor and she feared retaliation. Rather than make a scene, Kimberly Mercer moved away from Mr. Vierra and resumed working.

14.  Shortly after George Vierra groped her, Kimberly Mercer took a work break and told a coworker (Lance Linsey, a mechanic) about the incident.

15.  Within a couple of days after this incident with George Vierra, Kimberly Mercer approached Mr. Vierra at work and spoke out against his unwelcome groping. Ms. Mercer told Mr. Vierra that she would not be exploited or used like that by anyone at the company.

16.  Despite confronting him, Kimberly Mercer was very upset, angry, disgusted, and ashamed about George Vierra groping her at work. She opted to take a period of voluntary layoff from about the end of October 2017 through about January 2018. Based on her seniority, she could have continued working during that time period, but she felt like she needed to temporarily get away

- 4-

1  from the hostile work environment. Ms. Mercer was not paid during that

2  temporary layoff period.

3      17.  During the first week after Kimberly Mercer returned from the

4  temporary layoff in about late January or early February 2018, she observed

5  George Vierra grab an unsuspecting female coworker's buttocks while that

6  coworker (Angie) was bent over and working on the floor. As Mr. Vierra groped

7  Angie, he looked directly at Ms. Mercer and made eye contact with her. When

8  Mr. Vierra touched her, Angie stood up quickly and told him to stop: based on

9  Angie's reaction, the contact was clearly not expected or welcome.

10      18.  Kimberly Mercer was once again upset, angered, and disgusted by

11  George Vierra's behavior. It was clear to Ms. Mercer, based on Mr. Vierra's

12  unwelcome groping of her and Angie, that Mr. Vierra thought he could do as he

13  pleased.

14      19.  Kimberly Mercer took sick leave from about February through May 2018.

15  During about the first week she returned to work at Defendants' plant in early

16  June 2018, she was working on a palletizer and the machine was not

17  functioning properly. After Ralph Garcia (a maintenance worker) fixed the

18  problem, he walked up behind Ms. Mercer while she was not looking and forcibly

19  pushed the front of his body up against the back of Ms. Mercer's body. As he

20  did, Ms. Mercer could feel Mr. Garcia's erect penis through his clothes pressing

21  into her back.

22      20.  When Ralph Garcia forcibly pushed his erection up against her, Kimberly

23  Mercer was shocked, disgusted, humiliated, angered, and scared. This contact

24  was not consensual and unwelcome. Ms. Mercer quickly pushed away from Mr.

25  Garcia and yelled, "What the hell!?" Mr. Garcia then left the palletizer area.

26      21.  Beginning in about early January 2019, Kimberly Mercer was assigned

27  to work on a floor line next to Guillermo Arrellano for about 5-6 consecutive

28  weeks. Shortly after they started working together during this stretch, Mr.

Complaint                                        Case No.

Arrellano told Ms. Mercer that he wanted to have a "threesome" (three person sex) with Ms. Mercer and her husband.

22. Ms. Mercer was shocked, disgusted, humiliated, and angry by Mr. Arreallano's unwelcome comment about a "threesome" and turned to walk away. When Kimberly Mercer turned away from Mr. Arrellano, he grabbed her buttocks. This contact was unwelcome and not consensual. Ms. Mercer immediately told Mr. Arrellano "no!" and walked away from him.

23. A few weeks later, during the first week of February 2019, Kimberly Mercer was working on the floor on her hands and knees while Guillermo Arrellano was working nearby. Mr. Arrellano saw Ms. Mercer on her hands and knees and told her, "That's the way I like you." Ms. Mercer was upset, digusted, humiliated, and offended by this unwelcome comment.

24. Within a few days later, on about Wednesday, February 6, 2019, Guillermo Arrellano told Ms. Mercer that she smelled nice and he could smell her all the way down the line. Mr. Arrellano told Ms. Mercer, "I love that smell" and then began pantomiming like he was masturbating right in front of Ms. Mercer. Ms. Mercer was upset, disgusted, angered, and humiliated by this unwelcome conduct.

25. These incidents in January and February 2019 were not the first time Guillermo Arrellano subjected Kimberly Mercer to unwelcome and offensive conduct and comments. During Ms. Mercer's employment with Ball Metalpack, including since at least 2017, Mr. Arrellano subjected her to a continuos and ongoing pattern of unwelcome sexual comments, "jokes," questions, and propositions. This included, among other things, Mr. Arrellano telling her about his sex life and trying to ask her questions about her sex life.

26. Guillermo Arrellano did not make these types of sexual comments, questions, and jokes to Kim Mercer when other male coworkers were nearby. Mr. Arrellano said those things to Ms. Mercer so only she could hear it.

Complaint                                                                 Case No.

27. Kimberly Mercer found Mr. Arrellano's comments unwelcome and offensive. For the most part, she did not engage Mr. Arrellano in conversation when he made these comments and questions, and she tried her best to ignore them. However, Mr. Arrellano was incessant. Ms. Mercer estimates that Mr. Arrellano made some sort of sexual comment at least once during nearly every shift she had to work with him during her employment with Ball Metalpack, including since at least 2017.

28. During that time, Ms. Mercer was assigned to work a certain shift for the entire week. When she was assigned to work the same shift as Mr. Arrellano, she was stuck working near him for eight hours. Given the nature of their work, Ms. Mercer could not just get up and leave: she had to stay on the line and continue working or face discipline.

29. There were many times during her employment with Ball Metalpack, including since at least 2017, when Ms. Mercer was assigned to work on the same line as Mr. Arrellano for consecutive weeks, including as many as 4-6 consecutive weeks at a time. On average, Ms. Mercer estimates she was assigned to work with Guillermo Arrellano for at least one week every 2-3 months during her employment with Ball Metalpack, including since at least 2017.

30. During the few years leading up to the incidents with Guillermo Arrellano in January and February 2019, there were also multiple times when Mr. Arrellano cursed loudly and aggressively at Kimberly Mercer while she was working. One such incident occurred when Ms. Mercer was working on the plant floor cleaning up, and Mr. Arrellano wanted her to come over and do something for him. He shouted at her, "Hey you fucking bitch! Get your ass over here!" This incident was witnessed by their coworker, Jesse Alvarez. This unwelcome comment made Ms. Mercer feel angry, upset, and humiliated.

31. Kimberly Mercer also witnessed Guillermo Arrellano curse aggressively

at other female coworkers, including making at least a couple of them cry while they worked.

32.  Kimberly Mercer had suffered through unwelcome and offensive behavior by her male coworkers for years, behavior that she made clear she did not like, trying to ignore her harassers and not make a scene. Based on her past experience, if she engaged her male harassers or fought back, their behavior became worse. As part of a union, Ms. Mercer felt pressure not to report her fellow union members, and she feared retaliation from other male coworkers in the plant if she were to complain about them.

33.  Despite Ms. Mercer's prior reluctance to report the ongoing harassment, the incidents with Guillermo Arrellano in January and February 2019 were the last straw for Kimberly Mercer and pushed her over the edge mentally and emotionally.

34.  Kimberly Mercer was so upset and distraught by the pervasive and unwelcome comments and behavior from her male coworkers and supervisors that her doctor put her on medical leave from about late February 2019 until early February 2020.

35.  Defendants knew Kimberly Mercer was being subjected to ongoing and severe harassment by her male coworkers. Ms. Mercer complained about the past pattern of harassment to the plant's head of Human Resources (Rachelle Riggs) on about February 11, 2019, February 20, 2019, and April 11, 2019. Ms. Mercer estimates that she met with Ms. Riggs for a total of at least about 4 hours on these days.

36.  During those three meetings, Kimberly Mercer provided Ms. Riggs with detailed information about her history of "assault and sexual harassment dating back years, including (but not limited to) the September 2017 incident with George Vierra, the June 2018 incident with Ralph Garcia, and the January and February 2019 incidents with Guillermo Arrellano. Ms. Mercer explained how her

male coworkers' behavior created a hostile environment that made it more difficult to perform her job duties well. Ms. Mercer also provided HR with the names of coworkers who witnessed some of these incidents.

37.  On February 15, 2019, Kimberly Mercer filed an incident report with the Oakdale Police Department complaining about Guillermo Arrellano's sexual and gender harassment, including the events on about February 6, 2019. Ms. Mercer informed HR that she filed the police report about this incident.

38.  At no point in time did Rachelle Riggs or anyone else in HR give Ms. Mercer any concrete explanation about what exactly was done to the harassers as a result of Ms. Mercer's complaints. Ms. Riggs repeatedly hid behind a veil of alleged confidentiality and refused to tell Ms. Mercer anything other than, according to Ms. Riggs' August 1, 2019 letter, they had allegedly investigated and taken "corrective action." Ms. Riggs told Ms. Mercer there were no guarantees that Ms. Mercer would not be assigned to work with her harassers.

39.  After Kimberly Mercer returned from her medical leave to work at Defendant's plant in February 2020, and despite her complaints to HR, some of her male coworkers nevertheless subjected Ms. Mercer to ongoing and continuous harassing behavior up to and including, most recently, September 2021. Defendants targeted Ms. Mercer for this adverse behavior at least in part because she had complained about past harassment in 2019, and because she continued to complain about ongoing harassing behavior after she returned from medical leave.

40.  Ms. Mercer's complaints to HR and whatever alleged actions HR took in response, if any, did not stop Defendants from immediately resuming their harassing behavior. On about her first day back from medical leave in February 2020, Ms. Mercer's supervisor (George Vierra) stood extremely close to her in an obvious attempt to intimidate and make her feel uncomfortable while she was submitting her paperwork at the end of her shift. He did not move away

from her until Ms. Mercer started looking around for any nearby coworkers who could see what Mr. Vierra was doing.

41.   Since returning to work from medical leave, Ms. Mercer has refused to work on the same line with Guillermo Arrellano. Defendants still force her to work the same shift as Mr. Arrellano, which means she is still in the plant at the same time as him.

42.   While on medical leave after Ms. Mercer complained about sexual and gender harassment, Defendants violated the union contract by refusing to pay wages owed to her for certain periods during her leave time. Ms. Mercer began grieving the issue in about October 2020 and finally, months later, Defendants were forced to pay the wages owed to her. Even then, Defendants tried to withhold about $5,000 by claiming Ms. Mercer allegedly would have been temporarily laid off during that year. This was not true. Ms. Mercer proved that, due to her seniority, she would not have been laid off and Defendants eventually paid her the additional $5,000 owed.

43.   During the first few months that Kimberly Mercer was back at work after complaining about sexual and gender harassment to HR and returning from medical leave, Ms. Mercer experienced additional incidents of harassment, retaliation, or both. Ms. Mercer reported these incidents to HR, including, but not limited to, the following:

- In early March 2020, a male coworker submitted to HR an unsubstantiated and bogus complaint about Ms. Mercer allegedly talking to herself;

- In about June 2020, Lee Bacon (a male coworker) made a false and unsubstantiated complaint to HR claiming that Ms. Mercer had entered the palletizer well, which would have been a potentially terminable safety violation;

///

Complaint                                                    Case No.

- In about mid-June 2020, Gary Dufur (a male coworker) made a big scene in front of 4-5 coworkers while he loudly protested and refused to work with Ms. Mercer on "line five." Ms. Mercer heard Mr. Dufur say, "I fucking will not work with her, I'm fucking going home!"; and

- When Ms. Mercer checked the work schedule on the day after Gary Dufur's tantrum, she saw that she was removed from working on line five despite her experience and familiarity with it. In contrast, Gary Dufur was allowed to work on line five that day.

44. After Ms. Mercer complained about sexual and gender harassment to HR and management throughout 2019, 2020, and 2021, Ms. Mercer's male coworkers subjected her to additional harassment and retaliation, all of which has made it more difficult for Ms. Mercer to perform her job duties well. Examples of this additional harassment and retaliation include, but are not limited to, the following.

45. Jamie Doty repeatedly refused to relieve Ms. Mercer from her work station so she could take her allotted breaks. Coworkers informed Ms. Mercer that Mr. Doty told them he refused to relieve Ms. Mercer for breaks because she complained to HR about sexual and gender harassment.

46. Since February 2020 and continuing to the present, some male coworkers have given Ms. Mercer the silent treatment or flat out ignored her whenever possible. As a result, Ms. Mercer keeps to herself and takes her rest and meal breaks outside and away from other employees.

47. Female coworkers have warned Ms. Mercer that certain male employees talk badly about Ms. Mercer behind her back, calling her "no good" and telling other employees to "stay away from her."

48. Ms. Mercer has been repeatedly assigned to work in the DRD Department, which requires more heavy lifting, despite the fact that she is one of the physically smallest employees at the plant, and one the physically

smallest women. This includes being the only female employee assigned to work in the DRD for weeks at a time.

49.  Ms. Mercer was assigned to work on the palletizer for weeks at a time during the extremely hot summer months in 2021. During that time Ms. Mercer complained almost daily, including to supervisors, about the air conditioner in that area being broken. The palletizer is elevated above the floor and sits in hotter air, which at times during the summer of 2021 reached 120+ degrees. The heat was so intense on the palletizer that on at least two occasions during the summer of 2021, Ms. Mercer got physically sick and vomited into a nearby garbage compactor.

50.  Despite Ms. Mercer's repeated complaints about the heat and broken air conditioner, the supervisors refused to do anything about it and told her to fill out paperwork herself to get it fixed.

51.  Since Ms. Mercer returned from medical leave and continuing to present, certain male maintenance workers, in particular Ralph Garcia, have refused to assist Ms. Mercer even when it is their turn in the rotation to do so. When it is their turn to help her, these men instead tell someone else to handle it, which causes unnecessary delays for Ms. Mercer while she waits around for 5-10 minutes (on average) until a different maintenance worker arrives and fixes the issue. This causes ongoing stress for Ms. Mercer and reduces her per minute productivity on the line.

52.  In about mid-June 2020, a female coworker approached Kimberly Mercer and warned her that Lee Bacon (a male Quality Assurance coworker) said he was going to "keep his eye on" Ms. Mercer to watch for violations. Mr. Bacon meant what he said and proceeded to engage in a continuing and ongoing pattern of deliberate harassment and retaliation against Ms. Mercer that lasted until Mr. Bacon's termination in October 2021.

///

Complaint                                                    Case No.

53.  Examples of Lee Bacon's ongoing harassment and retaliation towards Kimberly Mercer, which began after she complained to HR in 2019 and returned from leave in February 2020, and then continued until September 2021, included, but was not limited to, the following.

54.  Lee Bacon complained to HR and falsely accused Ms. Mercer of going into the palletizer well in about June 2020. This complaint against Ms. Mercer was unsubstantiated and dismissed.

55.  Whenever Ms. Mercer was working on the palletizer, she audited the cans about every 15 minutes and wrote down any defects or problems with them. At some point during almost every single shift that Lee Bacon worked while Ms. Mercer was on the palletizer, Mr. Bacon would stand near her while she was working, pick up her audit paperwork and review it for 2-3 minutes (on average), and make critical comments about it. Mr. Bacon's job was Quality Assurance and Ms. Mercer's audits were completely unrelated to Mr. Bacon's job duties. Mr. Bacon even complained to Ms. Mercer's supervisor about her audits at least three times during 2021 even though it was not his job to do so, and Ms. Mercer was later assured by HR and other plant managers that her audits were fine.

56.  Lee Bacon spied on and stalked Kimberly Mercer while she was working from February 2020 until September 2021. If Ms. Mercer was not working on the palletizer, then Mr. Bacon would follow her around to wherever she was working on the plant floor and position himself out of Ms. Mercer's direct sight, standing about 10-20 feet away. Mr. Bacon would just stand there for 1-2 minutes at a time (on average) staring at her. When Ms. Mercer was working on "line six" nearby, Mr. Bacon would sit in his office and stare out the window towards Ms. Mercer.

57.  Lee Bacon told other coworkers he was watching Ms. Mercer for violations, and he engaged in this spying/stalking at least multiple times every

Complaint                                                    Case No.

1  week they worked the same shift or overlapped during a shift. Mr. Bacon did
2  not engage in this type of spying or stalking with his male coworkers.

3  58. Lee Bacon's spying and stalking was so upsetting and disturbing that Ms.
4  Mercer insisted her husband drive her to and from Defendants' plant each day.

5  59.  After work on Monday or Tuesday during the week of August 23, 2021,
6  Kimberly Mercer was going to get a ride home from a female coworker since her
7  car was in the repair shop and Ms. Mercer's husband could not pick her up. Ms.
8  Mercer left the plant and was walking to the parking lot when stepped off the
9  sidewalk curb and into the street. As Ms. Mercer stepped into the street, she
10  suddenly noticed Lee Bacon driving his motorcycle directly towards her at a high
11  speed. Mr. Bacon did not slow down. To the contrary, he was approaching so
12  fast that Ms. Mercer reflexively stepped back onto the curb and out of his way.
13  As Ms. Mercer stepped back onto the curb, Mr. Bacon sped by within about
14  three feet of Ms. Mercer, i.e., within about an arm's length.

15  60.  Kimberly Mercer was upset, angry, and scared for her safety after nearly
16  being run over by Lee Bacon. She met with HR and Matt Harris on Wednesday,
17  August 25, 2021 and complained about that incident and others, including
18  describing incidents when Lee Bacon targeted other female employees for
19  harassment. Ms. Mercer complained for about 15-20 minutes and told Ms. Riggs
20  and Mr. Harris that she felt like she was going to be sick, that Mr. Bacon's
21  behavior was affecting her health, and that she could not deal with it any more.
22  Ms. Riggs took notes and then dismissed Ms. Mercer.

23  61.  Ms. Mercer was not the only one of Defendants' female employees who
24  were harassed by Lee Bacon on his motorcycle after work. In about late August
25  2020, a female employee (Laura Woods) complained to HR that she heard Mr.
26  Bacon tell other employees that Mr. Mercer allegedly did not know "what the
27  fuck she is doing," and that Mr. Bacon said he was going to leave a mess at the
28  end of their shift for another female coworker (Denise) to clean up.

Complaint                                              Case No.

62. On information and belief, Lee Bacon learned at work the following day that Laura Woods had complained to HR about him. After work ended on the day that he learned about Ms. Woods' complaint, Mr. Bacon followed Ms. Woods' car down the plant's driveway on his motorcycle, and then Mr. Bacon proceeded to swerve and speed threateningly near Ms. Woods' car as she drove home. Mr. Bacon does not live anywhere near Ms. Woods and typically turns out of the plant's driveway in a completely different direction to go home. Mr. Bacon was clearly following Ms. Woods, who reported the incident to HR the next day.

63. Since about June 2020 and continuing up to September 2021, Kimberly Mercer complained about Lee Bacon's hostile behavior repeatedly to her supervisors, to HR (Rachelle Riggs), and to Ball Metalpack's Plant Manager (Matt Harris). Ms. Mercer estimates she complained to Rachelle Riggs and/or Matt Harris about Lee Bacon's hostile behavior at least three times in 2020, and at least four times throughout the course of 2021. During each of these meetings, Ms. Mercer complained about Mr. Bacon stalking and spying on her while she worked, and how upsetting his behavior was for her. On at least three occasions, including during her last complaint in late August 2021, Ms. Mercer told HR that she felt unsafe around Mr. Bacon.

64. In addition to targeting Ms. Mercer, Lee Bacon had a history of harassing other female employees who were not submissive or deferential to him. When any of his female victims complained to supervisors and/or HR about him, Mr. Bacon retaliated by intensifying his behavior. Mr. Bacon did not act like this with his male coworkers.

65. Other women who are former or current Ball Metalpack employees and were subjected to harassing and/or retaliatory behavior by Lee Bacon include, but are not limited to: Lorene Myers, Denise Gould, Maria Loger, and Laura Woods.

///

66. In about 2012, about eight females complained to HR (Rachelle Riggs) about Lee Bacon's ongoing hostile behavior. Mr. Bacon harassed them one at a time, and never together. Nothing was done by HR until the eighth woman complained after Mr. Bacon told her "you're too ugly to work here." On information and belief, Lee Bacon was suspended three days for that comment.

67. In about February or March 2020, Kimberly Mercer was contacted out of the blue by a local newspaper that wanted to interview her about sexual harassment at Defendant's plant. Before responding to the newspaper, Ms. Mercer emailed Defendants' corporate HR and asked if it was within company policy to discuss "the harassment and assault" she had experienced at the Oakdale plant. Corporate HR emailed Ms. Mercer back and did not inquire at all about her allegations of harassment and assault, instead warning Ms. Mercer that she could face discipline depending on what she told the newspaper. Ms. Mercer did not want to risk discipline or losing her job, so she did not follow up with the newspaper.

68. At times during the past few years certain harassers have backed off, at least temporarily, after Kimberly Mercer complained to HR about them. For example, Ralph Garcia, George Vierra, and Guillermo Arrellano have not touched Ms. Mercer again or made unwelcome sexual or gender related comments to her since about 2020, although all three men were allowed to continue to work for Defendants during the same shifts as Ms. Mercer.

69. In about early September 2021, when Defendants' Corporate HR finally sent an investigator to the Oakdale plant to interview witnesses about Lee Bacon's behavior, Kimberly Mercer was completely excluded from the investigation. Despite her well documented history of complaints against Lee Bacon, Ms. Mercer was not interviewed or even contacted by Defendants' investigator.

///

Complaint                                                    Case No.

70.  On information and belief, the investigator was there at least a week and interviewed and took signed written statements about Lee Bacon's behavior from multiple female employees at the Oakdale plant, including, but not limited to: Denise Gould, Laura Woods, and Maria Loger. Ms. Mercer was never told by anyone why she was excluded from participating in the investigation.

71.  After years of ongoing harassment by Lee Bacon towards female employees who refused to be passive or submissive, Defendants finally terminated Mr. Bacon in about October 2021. Defendants dragged their feet terminating Lee Bacon despite Kimberly Mercer's repeated and ongoing complaints about his hostile, disturbing, and dangerous behavior during the past 1½ years, as well as a long history of complaints against Mr. Bacon by other female employees. While Defendants' intentionally dragged their feet getting rid of Mr. Bacon, Ms. Mercer was forced to endure his ongoing harassment and made to suffer.

72.  As a result of Defendants' ongoing, continuous, and severe adverse behavior towards Ms. Mercer, she has suffered and continues to suffer extreme emotional and mental distress. This includes, among other things, anger, anxiety, humiliation, loss of confidence, and insomnia that got so bad she could not sleep any significant amount for nights at a time. Ms. Mercer estimates that since returning from medical leave, she has had to call in sick to work at least about half a dozen times because of the severity of her emotional and mental distress.

73.  Defendant are aware of the extreme emotional distress that Kimberly Mercer has suffered, and continues to suffer, as a result of being targeted by her male coworkers for ongoing and severe adverse behavior. Defendants know this because Ms. Mercer took almost a year of medical leave while recovering from, and seeking treatment for, a serious medical condition resulting from her hostile work environment. Defendants also know this because of Ms. Mercer's

repeated and ongoing complaints to HR during 2019, 2020, and 2021 about how upset, angry, unsafe, and sick she felt because of what her male coworkers (and in particular Lee Bacon) continued to do to her.

74.    Based on Ms. Mercer's past medical leave and ongoing complaints about how upset and sick she felt, Defendants know there is a reasonable likelihood that Ms. Mercer may need to take additional medical leave at some point in the near future.

75.    Plaintiff Kimberly Mercer timely filed administrative complaints about Defendants' behavior in violation of the FEHA. In response, the California Department of Fair Employment and Housing ("DFEH") issued Ms. Mercer right to sue notices on November 2, 2020 and November 2, 2021, with respect to which the filing of this lawsuit is timely.

**FIRST CAUSE OF ACTION**

**GENDER HARASSMENT IN VIOLATION OF FEHA**

As a first, separate and distinct cause of action, plaintiff Kimberly Mercer complains against Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack, LLC; Ball Corporation; and DOES 1 through 60, and each of them, and for a cause of action alleges:

76.    Plaintiff hereby incorporates by reference Paragraphs 1 through 75, inclusive, as though set forth here in full.

77.    Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack, LLC; Ball Corporation; and DOES 1 through 60, and each of them, subjected Kimberly Mercer to harassing behavior and adverse actions because of her gender.

78.    Defendants' harassment of Ms. Mercer because of her gender was both severe and pervasive. It included, but was not limited to, male coworkers subjecting Ms. Mercer to unwelcome physical touch of a sexual nature, threatening her with unwelcome physical touch, and making unwelcome sexual and gender related comments to Ms. Mercer of a nature that reasonable women

would find them offensive. Defendants' harassment of Ms. Mercer spanned years during her employment, including at least since 2017 to present. The harassment was ongoing and continuous during that time period, occurring on a weekly, if not often times daily, basis.

79.  Defendants pervasive and severe gender and sexual harassment of Kimberly Mercer had the effect of creating a hostile work environment for her and other female employees, making it harder for Ms. Mercer to perform her job duties and impaired her prospects for promotion and obtaining more favorable work shifts.

80.  Defendants knew about this gender and sexual harassment after Ms. Mercer repeatedly and continuously complained about it to HR and management from April 2019 to present, yet Defendants failed to sufficiently investigate Kimberly Mercer's repeated complaints of gender harassment.

81.  Plaintiff Kimberly Mercer timely filed administrative complaints for Defendants' harassment because of her gender. The California Department of Fair Employment and Housing ("DFEH") issued Kimberly Mercer right to sue notices on November 2, 2020 and November 2, 2021, with respect to which the filing of this lawsuit is timely.

82.  As a legal result of this gender and sexual harassment in violation of FEHA by Defendants, Plaintiff suffered and continues to suffer losses in earnings and other employee benefits. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

83.  Plaintiff suffered and continues to suffer emotional distress as a legal result of Defendants' gender and sexual harassment in violation of FEHA. Ms. Mercer suffered mental distress, suffering and anguish as a legal result of Defendants' conduct, reacting to this harassment with humiliation, embarrassment, anger, outrage, disappointment, and worry, all of which is

///

Complaint                                                                 Case No.

1  substantial and enduring. Plaintiff will seek leave to amend this complaint to

2  state the amount or will proceed according to proof at trial.

3      84.  Defendants were in a position of power over Plaintiff with the potential

4  to abuse that power. Ms. Mercer was in a vulnerable position because of her

5  relative lack of power, because of her reliance on Defendants' assurances,

6  because she had placed her trust in Defendants, because she depends on her

7  employment for her self esteem and sense of belonging, because a wrongful

8  termination of her employment would likely harm Plaintiff's ability to find other

9  employment, and because of the great disparity in bargaining power between

10  Plaintiff and her employer. These Defendants were aware of Plaintiff's

11  vulnerability and the reasons for it.

12      85.  Notwithstanding such knowledge, these Defendants, and each of them,

13  acted oppressively, fraudulently, and maliciously, in willful and conscious

14  disregard of the rights of Plaintiff Kimberly Mercer, and with the intention of

15  causing or in reckless disregard of the probability of causing injury and

16  emotional distress to her.

17      86.  These Defendants were informed of the oppressive, fraudulent and

18  malicious conduct of their employees, agents and subordinates, and ratified,

19  approved, and authorized that conduct.

20      87.  The foregoing conduct of these Defendants, and each of them, was

21  intentional, willful and malicious and Plaintiff is entitled to punitive damages in

22  an amount to conform to proof.

23  ### SECOND CAUSE OF ACTION

24  ### Gender Harassment in Violation of Public Policy

25      As a second, separate and distinct cause of action, Plaintiff Kimberly Mercer

26  complains against Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack,

27  LLC; Ball Corporation; and DOES 1-60, and each of them, and for a cause of

28  action alleges:

Complaint                                              Case No.

88. Plaintiff hereby incorporates by reference Paragraphs 1 through 87, inclusive, as though set forth here in full.

89. At all pertinent times, it was against the public policy of the State of California for an employer to harass an employee because of her gender, as embodied in California's Fair Employment and Housing Act and Article I, Section 8 of the California Constitution.

90. Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack, LLC; Ball Corporation; and DOES 1-60, and each of them, subjected Kimberly Mercer to harassing behavior and adverse actions because of her gender. Defendants' harassment of Ms. Mercer was severe, pervasive, and created a hostile work environment.

91. As a legal result of these Defendants' harassment of Plaintiff Kimberly Mercer in violation of public policy, Plaintiff suffered and continues to suffer losses in earnings and other employee benefits. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

92. Plaintiff suffered and continues to suffer emotional distress as a legal result of these Defendants' harassment in violation of public policy. Ms. Mercer suffered mental distress, suffering and anguish as a legal result of Defendants' conduct, reacting to this retaliation with humiliation, embarrassment, anger, outrage, disappointment, and worry, all of which is substantial and enduring. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

93. Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack, LLC; Ball Corporation; and DOEs 1-60, were in a position of power over Plaintiff with the potential to abuse that power. Ms. Mercer was in a vulnerable position because of her relative lack of power, because of her reliance on Defendants' assurances, because she had placed her trust in Defendants, because she

depends on her employment for her self esteem and sense of belonging, because a wrongful termination of her employment would likely harm Plaintiff's ability to find other employment, and because of the great disparity in bargaining power between Plaintiff and her employer. These Defendants were aware of Plaintiff's vulnerability and the reasons for it.

94.  Notwithstanding such knowledge, these Defendants, and each of them, acted oppressively, fraudulently, and maliciously, in willful and conscious disregard of the rights of Plaintiff Kimberly Mercer, and with the intention of causing or in reckless disregard of the probability of causing injury and emotional distress to her.

95.  These Defendants were informed of the oppressive, fraudulent and malicious conduct of their employees, agents and subordinates, and ratified, approved, and authorized that conduct.

96.  The foregoing conduct of these Defendants, and each of them, was intentional, willful and malicious and Plaintiff is entitled to punitive damages in an amount to conform to proof.

## THIRD CAUSE OF ACTION

### Retaliation in Violation of FEHA for Opposing Gender Harassment

As a third, separate and distinct cause of action, Plaintiff Kimberly Mercer complains against Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack, LLC; Ball Corporation; and DOES 31-70 and each of them, and for a cause of action alleges:

97.  Plaintiff hereby incorporates by reference Paragraphs 1 through 96, inclusive, as though set forth here in full.

98.  Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack, LLC; Ball Corporation; and DOES 31-70, and each of them, violated FEHA, as codified in Cal. Gov. Code §12940(h), by retaliating against Plaintiff Kimberly Mercer because she opposed gender and sexual harassment.

Complaint                                                    Case No.

99.  At all pertinent times, it was also unlawful under FEHA to retaliate against an employee because that employee is a prospective witness or plaintiff, even if the employee has not yet filed any formal complaint or lawsuit.

100.  Defendants retaliated against Kimberly Mercer in violation of FEHA after she opposed what she reasonably perceived to be gender and sexual harassment, and because Ms. Mercer is a potential future plaintiff or witness regarding Defendants' unlawful actions.

101.  Beginning in about April 2019 and continuing as recently as late August 2021, Kimberly Mercer repeatedly complained to Defendants' HR and management about being subjected to gender and sexual harassment by her male coworkers, including a supervisor.

102.  After Kimberly Mercer made these complaints, Defendants engaged in an ongoing and continuous pattern of retaliatory and adverse actions directed at Ms. Mercer, all of which made it harder for her to perform her job duties, impaired her prospects for promotion and more favorable shifts, and discouraged her from opposing Defendants' behavior in the future.

103.  Plaintiff Kimberly Mercer timely filed administrative complaints for Defendants' retaliation in violation of the FEHA. The California DFEH issued Kimberly Mercer right to sue notices on November 2, 2020 and November 2, 2021, with respect to which the filing of this lawsuit is timely.

104.  As a legal result of these Defendants' retaliation in violation of FEHA, Plaintiff suffered and continues to suffer losses in earnings and other employee benefits. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

105.  Plaintiff suffered and continues to suffer emotional distress as a legal result of these Defendants' retaliation in violation of FEHA. Ms. Mercer suffered mental distress, suffering and anguish as a legal result of Defendants' conduct, reacting to this retaliation with humiliation, embarrassment, anger, outrage,

disappointment, and worry, all of which is substantial and enduring. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

106. Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack, LLC; Ball Corporation; and DOEs 31-70, were in a position of power over Plaintiff with the potential to abuse that power. Ms. Mercer was in a vulnerable position because of her relative lack of power, because of her reliance on Defendants' assurances, because she had placed her trust in Defendants, because she depends on her employment for her self esteem and sense of belonging, because a wrongful termination of her employment would likely harm Plaintiff's ability to find other employment, and because of the great disparity in bargaining power between Plaintiff and her employer. These Defendants were aware of Plaintiff's vulnerability and the reasons for it.

107. Notwithstanding such knowledge, these Defendants, and each of them, acted oppressively, fraudulently, and maliciously, in willful and conscious disregard of the rights of Plaintiff Kimberly Mercer, and with the intention of causing or in reckless disregard of the probability of causing injury and emotional distress to her.

108. These Defendants were informed of the oppressive, fraudulent and malicious conduct of their employees, agents and subordinates, and ratified, approved, and authorized that conduct.

109. The foregoing conduct of these Defendants, and each of them, was intentional, willful and malicious and Plaintiff is entitled to punitive damages in an amount to conform to proof.

## FOURTH CAUSE OF ACTION

## Retaliation in Violation of Labor Code §1102.5

As a fourth, separate and distinct cause of action, Plaintiff Kimberly Mercer complains against Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack,

LLC; Ball Corporation; and DOES 31-70, and each of them, and for a cause of action alleges:

110.  Plaintiff hereby incorporates by reference Paragraphs 1 through 109, inclusive, as though set forth here in full.

111.  At all pertinent times, it was against California Labor Code §1102.5 for Defendants to retaliate against any employee because that employee opposed unlawful behavior, or opposed behavior that the employee reasonably perceived to be unlawful.

112.  Beginning by about April 2019, continuing throughout 2020 and 2021, and as recently as late August 2021, Plaintiff Kimberly Mercer repeatedly complained to Ball Metalpack's HR and management about ongoing, pervasive, and severe gender and sexual harassment.

113.  Ms. Mercer reasonably believed this behavior to be unlawful, and it was in fact unlawful, violating FEHA and Article I, Section 8 of the California Constitution.

114.  After Kimberly Mercer made these complaints, Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack, LLC; Ball Corporation; and DOES 31-70, and each of them, violated California Labor Code section 1102.5 by retaliating against Kimberly Mercer because (1) she opposed Defendants' unlawful gender and sexual harassment, or (2) because Defendants believed Ms. Mercer might participate in a future administrative or civil proceeding regarding Defendants' unlawful behavior.

115.  Defendants engaged in an ongoing and continuous pattern of retaliatory and adverse actions directed at Kimberly Mercer, all of which made it harder for her to perform her job duties, impaired her prospects for promotion, and discouraged her from opposing Defendants' unlawful behavior in the future.

116.  As a legal result of these Defendants' retaliation in violation of Labor Code §1102.5, Ms. Mercer suffered and continues to suffer losses in earnings

and other employee benefits. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

117. Plaintiff suffered and continues to suffer emotional distress as a legal result of these Defendants' retaliation in violation of Labor Code §1102.5. Ms. Mercer suffered mental distress, suffering and anguish as a legal result of Defendants' conduct, reacting to this retaliation with humiliation, embarrassment, anger, outrage, disappointment, and worry, all of which is substantial and enduring. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

118. As a legal result of Defendants' retaliation in violation of Labor Code §1102.5, Defendants are liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

## FIFTH CAUSE OF ACTION

### Retaliation In Violation of Public Policy

As a fifth, separate and distinct cause of action, Plaintiff Kimberly Mercer complains against Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack, LLC; Ball Corporation; and DOES 31-70, and each of them, and for a cause of action alleges:

119. Plaintiff hereby incorporates by reference Paragraphs 1 through 118, inclusive, as though set forth here in full.

120. At all pertinent times, it was against the public policy of the State of California for an employer to retaliate against an employee because she opposed unlawful gender and sexual harassment, as embodied in the FEHA and Labor Code §1102.5, as well as implicitly by Article 1, Section 8 of the California Constitution.

///

Complaint                                          Case No.

121. Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack, LLC; Ball Corporation; and DOES 31-70, and each of them, subjected Kimberly Mercer to retaliatory and adverse actions because she repeatedly opposed and complained about unlawful gender and sexual harassment to Defendants' HR and management during the course of 2019, 2020, and 2021.

122. As a legal result of these Defendants' retaliation against Plaintiff Kimberly Mercer in violation of public policy, Plaintiff suffered and continues to suffer losses in earnings and other employee benefits. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

123. Plaintiff suffered and continues to suffer emotional distress as a legal result of these Defendants' retaliation in violation of public policy. Ms. Mercer suffered mental distress, suffering and anguish as a legal result of Defendants' conduct, reacting to this retaliation with humiliation, embarrassment, anger, outrage, disappointment, and worry, all of which is substantial and enduring. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

124. Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack, LLC; Ball Corporation; and DOEs 31-70, were in a position of power over Plaintiff with the potential to abuse that power. Ms. Mercer was in a vulnerable position because of her relative lack of power, because of her reliance on Defendants' assurances, because she had placed her trust in Defendants, because she depends on her employment for her self esteem and sense of belonging, because a wrongful termination of her employment would likely harm Plaintiff's ability to find other employment, and because of the great disparity in bargaining power between Plaintiff and her employer. These Defendants were aware of Plaintiff's vulnerability and the reasons for it.

///

125. Notwithstanding such knowledge, these Defendants, and each of them, acted oppressively, fraudulently, and maliciously, in willful and conscious disregard of the rights of Plaintiff Kimberly Mercer, and with the intention of causing or in reckless disregard of the probability of causing injury and emotional distress to her.

126. These Defendants were informed of the oppressive, fraudulent and malicious conduct of their employees, agents and subordinates, and ratified, approved, and authorized that conduct.

127. The foregoing conduct of these Defendants, and each of them, was intentional, willful and malicious and Plaintiff is entitled to punitive damages in an amount to conform to proof.

## SIXTH CAUSE OF ACTION

### Discrimination Because of Actual or Perceived Disability in Violation of FEHA

As a sixth, separate and distinct cause of action, Plaintiff Kimberly Mercer complains against Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack, LLC; Ball Corporation; and DOES 20-40 and 71-80, and each of them, and for a cause of action alleges:

128. Plaintiff hereby incorporates by reference Paragraphs 1 through 127, inclusive, as though set forth here in full.

129. Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack, LLC; Ball Corporation; and DOEs 20-40 and 71-80, and each of them, discriminated against Plaintiff Kimberly Mercer because of her actual or perceived disability in violation of the Fair Employment and Housing Act, as codified in Cal. Gov. Code §12900 et seq.

130. Based on Plaintiff Kimberly Mercer's ongoing complaints to HR and management, her approved medical leave, and her ongoing workers compensation claim, Defendants knew or perceived Ms. Mercer to suffer from

serious medical conditions that limited her ability to perform key job duties and were serious enough to require almost a year of medical leave. Defendants know Ms. Mercer actually suffers from, or perceives her to suffer from, acute stress and depressive disorders.

131. Defendants know or perceive that Plaintiff will continue to suffer from these serious medical conditions in the future, will likely need ongoing treatment for them, and could possibly need additional future medical leave.

132. Throughout the course of her employment with Ball Metalpack, Defendants subjected Kimberly Mercer, but not her non-disabled colleagues, to a continuing course of discrimination because of her disability. This consisted of Defendants subjecting Ms. Mercer to ongoing adverse actions that, when considered together, materially and adversely affected the terms, conditions, or privileges of her employment, making it harder for her to perform her job duties and impairing her prospects for promotion.

133. Plaintiff Kimberly Mercer timely filed administrative complaints for Defendants' disability discrimination in violation of the FEHA. The DFEH issued Kimberly Mercer right to sue notices on November 2, 2020 and November 2, 2021, with respect to which the filing of this lawsuit is timely.

134. As a legal result of these Defendants' discrimination because of Plaintiff's actual or perceived disability in violation of FEHA, Plaintiff suffered and continues to suffer losses in earnings and other employee benefits. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

135. Plaintiff suffered and continues to suffer emotional distress as a legal result of Defendants' discrimination because of Plaintiff's actual or perceived disability in violation of FEHA. Ms. Mercer suffered mental distress, suffering and anguish as a legal result of Defendants' conduct, reacting to this retaliation with humiliation, embarrassment, anger, outrage, disappointment, and worry,

all of which is substantial and enduring. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

136. Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack, LLC; Ball Corporation; and DOEs 20-40 and 71-80, were in a position of power over Plaintiff with the potential to abuse that power. Ms. Mercer was in a vulnerable position because of her relative lack of power, because of her reliance on Defendants' assurances, because she had placed her trust in Defendants, because she depends on her employment for her self esteem and sense of belonging, because a wrongful termination of her employment would likely harm Plaintiff's ability to find other employment, and because of the great disparity in bargaining power between Plaintiff and her employer. These Defendants were aware of Plaintiff's vulnerability and the reasons for it.

137. Notwithstanding such knowledge, these Defendants, and each of them, acted oppressively, fraudulently, and maliciously, in willful and conscious disregard of the rights of Plaintiff Kimberly Mercer, and with the intention of causing or in reckless disregard of the probability of causing injury and emotional distress to her.

138. These Defendants were informed of the oppressive, fraudulent and malicious conduct of their employees, agents and subordinates, and ratified, approved, and authorized that conduct.

139. The foregoing conduct of these Defendants, and each of them, was intentional, willful and malicious and Plaintiff is entitled to punitive damages in an amount to conform to proof.

## SEVENTH CAUSE OF ACTION

### Retaliation in Violation of CFRA for Taking Medical Leave

As a seventh, separate and distinct cause of action, Plaintiff Kimberly Mercer complains against Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack,

///

Complaint                                                    Case No.

LLC; Ball Corporation; and DOES 20-40, 71-80, and each of them, and for a cause of action alleges:

140.   Plaintiff hereby incorporates by reference Paragraphs 1 through 139, inclusive, as though set forth here in full.

141.   Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack, LLC; Ball Corporation; and Does 20-40, 71-80, and each of them, retaliated against Plaintiff Kimberly Mercer for exercising her right to take medical leave for her serious health condition, a right guaranteed to her by the California Family Rights Act, codified under the California Fair Employment and Housing Act, and because these Defendants anticipated Ms. Mercer might take additional such medical leave in the future for her serious health condition.

142.   Plaintiff Kimberly Mercer timely filed administrative complaints for Defendants' retaliation in violation of CFRA/FEHA for taking medical leave. The DFEH issued Kimberly Mercer right to sue notices on November 2, 2020 and November 2, 2021, with respect to which the filing of this lawsuit is timely.

143.   As a legal result of these Defendants' retaliation against Plaintiff Kimberly Mercer for taking protected medical leave for her serious health condition, Plaintiff suffered and continues to suffer losses in earnings and other employee benefits. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

144.   Plaintiff suffered and continues to suffer emotional distress as a legal result of these Defendants' retaliation against Plaintiff for taking protected medical leave for her serious health condition. Ms. Mercer suffered mental distress, suffering and anguish as a legal result of Defendants' conduct, reacting to this retaliation with humiliation, embarrassment, anger, outrage, worry, and disappointment, all of which is substantial and enduring. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

Complaint                                                          Case No.

145. Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack, LLC; Ball Corporation; and DOEs 20-40, 71-80, were in a position of power over Plaintiff with the potential to abuse that power. Ms. Mercer was in a vulnerable position because of her relative lack of power, because of her reliance on Defendants' assurances, because she had placed her trust in Defendants, because she depends on her employment for her self esteem and sense of belonging, because a wrongful termination of her employment would likely harm Plaintiff's ability to find other employment, and because of the great disparity in bargaining power between Plaintiff and her employer. These Defendants were aware of Plaintiff's vulnerability and the reasons for it.

146. Notwithstanding such knowledge, these Defendants, and each of them, acted oppressively, fraudulently, and maliciously, in willful and conscious disregard of the rights of Plaintiff Kimberly Mercer, and with the intention of causing or in reckless disregard of the probability of causing injury and emotional distress to her.

147. These Defendants were informed of the oppressive, fraudulent and malicious conduct of their employees, agents and subordinates, and ratified, approved, and authorized that conduct.

148. The foregoing conduct of these Defendants, and each of them, was intentional, willful and malicious and Plaintiff is entitled to punitive damages in an amount to conform to proof.

## EIGHTH CAUSE OF ACTION

### Failure to Prevent Harassment, Discrimination, and Retaliation in Violation of FEHA

As an eighth, separate and distinct cause of action, Plaintiff Kimberly Mercer complains against Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack, LLC; Ball Corporation; and DOES 15-19, 36-39, 66-69, 77-85, and each of them, and for a cause of action alleges:

Complaint                                                    Case No.

149. Plaintiff hereby incorporates by reference Paragraphs 1 through 148, inclusive, as though set forth here in full.

150. Defendants subjected Plaintiff Kimberly Mercer to pervasive and severe harassment because of her gender, creating a hostile work environment for her and other female employees.

151. Defendants subjected Plaintiff to discriminatory adverse actions because of her actual or perceived disability.

152. Defendants subjected Plaintiff to retaliatory adverse actions after Plaintiff opposed what she reasonably perceived to be, and which in fact was, unlawful gender and sexual harassment.

153. Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack, LLC; Ball Corporation; and DOES 15-19, 36-39, 66-69, 77-85, and each of them, failed to take all reasonable steps necessary to prevent harassment, discrimination, and retaliation in violation of FEHA, as required by Cal. Gov. Code §12940(k).

154. Plaintiff Kimberly Mercer timely filed administrative complaints for Defendants' failure to prevent discrimination, harassment, and retaliation in violation of FEHA. The DFEH issued Kimberly Mercer right to sue notices on November 2, 2020 and November 2, 2021, with respect to which the filing of this lawsuit is timely.

155. As a legal result of these Defendants' failure to prevent discrimination, harassment, and retaliation against Plaintiff Kimberly Mercer in violation of FEHA, Plaintiff suffered and continues to suffer losses in earnings and other employee benefits. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

156. Plaintiff suffered and continues to suffer emotional distress as a legal result of these Defendants' failure to prevent discrimination, harassment, and retaliation against Ms. Mercer in violation of FEHA. Ms. Mercer suffered mental distress, suffering and anguish as a legal result of Defendants' conduct, reacting

Complaint                                                      Case No.

1  to this retaliation with humiliation, embarrassment, anger, outrage, worry, and

2  disappointment, all of which is substantial and enduring. Plaintiff will seek leave

3  to amend this complaint to state the amount or will proceed according to proof

4  at trial.

5  157.  Defendants Ball Metalpack (Oakdale), LLC; Ball Metalpack, LLC; Ball

6  Corporation; and DOES 15-19, 36-39, 66-69, 77-85, were in a position of power

7  over Plaintiff with the potential to abuse that power. Ms. Mercer was in a

8  vulnerable position because of her relative lack of power, because of her

9  reliance on Defendants' assurances, because she had placed her trust in

10  Defendants, because she depends on her employment for her self esteem and

11  sense of belonging, because a wrongful termination of her employment would

12  likely harm Plaintiff's ability to find other employment, and because of the great

13  disparity in bargaining power between Plaintiff and her employer. These

14  Defendants were aware of Plaintiff's vulnerability and the reasons for it.

15  158.  Notwithstanding such knowledge, these Defendants, and each of them,

16  acted oppressively, fraudulently, and maliciously, in willful and conscious

17  disregard of the rights of Plaintiff Kimberly Mercer, and with the intention of

18  causing or in reckless disregard of the probability of causing injury and

19  emotional distress to her.

20  159.  These Defendants were informed of the oppressive, fraudulent and

21  malicious conduct of their employees, agents and subordinates, and ratified,

22  approved, and authorized that conduct.

23  160.  The foregoing conduct of these Defendants, and each of them, was

24  intentional, willful and malicious and Plaintiff is entitled to punitive damages in

25  an amount to conform to proof.

26  **PRAYER**

27  Wherefore Plaintiff Kimberly Mercer prays for judgment against Defendants,

28  and each of them, as follows:

Complaint                                      Case No.

1     1.  For a money judgment representing compensatory damages including

2 lost wages and earnings, retirement benefits and other employee benefits, lost

3 earning capacity, and all other sums of money, together with interest on these

4 amounts, according to proof;

5     2.  For a money judgment for mental pain and anguish and emotional

6 distress, according to proof;

7     3.  For punitive and exemplary damages, according to proof;

8     4.  For an award of civil penalties pursuant to Lab. Code §1102.5(f),

9 according to proof;

10     5.  For prejudgment and post-judgment interest;

11     6.  For reasonable attorneys' fees pursuant to California Government Code

12 §12965(b), Labor Code §1102.5(j), Civil Code §52.4(a), and any other

13 appropriate legal authority;

14     7.  For costs of suit; and

15     8.  For any other relief that is just and proper.

16 Dated: November 2, 2021          LAW OFFICES OF PHIL HOROWITZ

17                          /s/ Phil Horowitz

              by  _____

18                  Phil Horowitz
                 Attorneys for Plaintiff

19                  Kimberly Mercer

20

21                    **JURY TRIAL DEMANDED**

22     Plaintiff demands trial by jury of all issues, except for attorneys' fees and

23 costs.

24 Dated: November 2, 2021          LAW OFFICES OF PHIL HOROWITZ

25                          /s/ Phil Horowitz

26               by  _____

                 Phil Horowitz

27                  Attorneys for Plaintiff
                 Kimberly Mercer

28

Complaint                                           Case No.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Christopher Banks (State Bar #279895)<br>Law Offices of Phil Horowitz<br>428 Thirteenth Street, 11th Floor<br>Oakland, CA 94612<br>TELEPHONE NO.: 415-391-0111　FAX NO.:<br>ATTORNEY FOR (Name): Plaintiff Kimberly Mercer | Electronically Filed<br>11/2/2021 11:10 PM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Sonia Krohn, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Stanislaus
STREET ADDRESS: 801 10th Street, 4th floor
MAILING ADDRESS: 801 10th Street, 4th floor
CITY AND ZIP CODE: Modesto, 95354
BRANCH NAME:

CASE NAME:
Kimberly Mercer v. Ball Metalpack (Oakdale), LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CV-21-005945 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): 8
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 2, 2021

Christopher Banks
(TYPE OR PRINT NAME)　　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

<table>
<tr><td>

ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE, BAR NUMBER)

**COURT GENERATED**

Attorney for:

</td><td>

*FOR COURT USE ONLY*

**FILED**

NOV 0 2 2021

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS
BY _____ DEPUTY

</td></tr>
</table>

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS**
Street Address:    City Towers Bldg., 801 10th St, 4ᵗʰ Floor, Modesto, CA 95354
Civil Clerk's Office: 801 10ᵗʰ Street, 4ᵗʰ Floor, Modesto, CA  95354

**Plaintiff/Petitioner: KIMBERLY MERCER**
**Defendant/Respondent: BALL METALPACK (OAKDALE) LLC; ET AL**

| NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER<br>**CV-21-005945** |
|---|---|

1.  NOTICE is given that a **Case Management Conference** has been scheduled as follows:

Date: 03/07/2022  Time:  8:30  AM

This case is assigned to Judge SONNY S. SANDHU , Dept 24 , for all purposes, including trial.

*Departments 21 & 22 are located at 801 10ᵗʰ Street, 6ᵗʰ Floor, Modesto, CA 95354
*Departments 23 & 24 are located at 801 10ᵗʰ Street, 4ᵗʰ Floor, Modesto, CA  95354
**All filings shall be filed in the Clerk's Office at the City Towers, 4ᵗʰ Floor address.**
..................................................................................................................
You have 30 calendar days to file a written response with this court after the legal papers and the summons
were served on you.  You must also serve a copy of your written response on the plaintiff.

2.  You must file and serve a completed *Case Management Conference Statement* at least **fifteen (15) calendar days** before the case management conference.

3.  You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

4.  At the case management conference the Court may make pretrial orders, including the following:

  a.  An order establishing a discovery schedule.

  b.  An order referring the case to arbitration.

  c.  An order dismissing fictitious defendants.

  d.  An order scheduling exchange of expert witness information.

  e.  An order setting subsequent conferences and the trial date.

  f.  Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Date: NOV 0 2 2021     by _____ Deputy Clerk
Mandatory Form                                    **SONIA KROHN**

| **--SANCTIONS--** |
|---|
| If you do not file the *Case Management Statement* required by local rule, or attend the case management conference or participate effectively in the conference, the court may impose sanctions (including dismissal of the case, striking of the answer, and payment of money). |

CV003                                                                              11/10

# Rule 3.110 of the California Rules of Court.

## Time for Service of Complaint, Cross-Complaint, and Response

(a) [Application] This rule applies to the service of pleadings in civil cases except for collection cases under Rule 3.740 (a), Unlawful detainer actions, proceedings, under the Family Code, and other proceedings for which different service requirements are prescribed by law.

(b) [Service of complaint] The complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint. When the complaint is amended to add a defendant, the added defendant must be served and proof of service must be filed within 30 days after the filing of the amended complaint.

(c) [Service of cross-complaint] A cross-complaint against a party who has appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. If the cross-complaint adds new parties, the cross-complaint must be served on all parties and proofs of service on the new parties must be filed within 30 days of the filing of the cross-complaint.

(d) [Timing of responsive pleadings] The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint.

(e) [Modification of timing: application for order extending time] The court, on its own motion or on the application of a party, may extend or otherwise modify the times provided in (b) - (d). An application for a court order extending the time to serve a pleading must be filed before the time for service has elapsed. The application must be accompanied by a declaration showing why service has not been completed, documenting the efforts that have been made to complete service, and specifying the date by which service is proposed to be completed.

(f) [Failure to serve] If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an Order to Show Cause why sanctions shall not be imposed.

(g) [Request for entry of default] If a responsive pleading is not served within the time limits specified in this rule and no extension of time has been granted, the plaintiff must file a request for entry of default within 10 days after the time for service has elapsed. The court may issue an Order to Show Cause why sanctions should not be imposed if the plaintiff fails to timely file the request for the entry of default.

(h) [Default judgment] When a default is entered, the party who requested the entry of default must obtain a default judgment against the defaulting party within 45 days after the default was entered, unless the court has granted an extension of time. The court may issue an Order to Show Cause why sanctions should not be imposed if that party fails to obtain entry of judgment against a defaulting party or to request an extension of time to apply for a default judgment within that time.

(i) [Order to Show Cause] Responsive papers to an Order to Show Cause issued under this rule must be filed and served at least 5 calendar days before the hearing.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Christopher Banks (SBN 279895)<br>Law Offices of Phil Horowitz<br>428 13th Street, 11th Floor<br>Oakland, CA 94612<br>TELEPHONE NO.: (415) 391-0111    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* chris@philhorowitz.com<br>ATTORNEY FOR *(Name):* Plaintiff Kimberly Mercer | Electronically Filed<br>11/12/2021 8:00 AM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Marie Brillon, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Stanislaus
STREET ADDRESS: 801 10th Street 4th floor
MAILING ADDRESS: 801 10th Street 4th floor
CITY AND ZIP CODE: Modesto, 95354
BRANCH NAME:

| PLAINTIFF/PETITIONER: Kimberly Mercer | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ball Metalpack (Oakdale), LLC, et al. | CV-21-005945 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑ summons

   b. ☑ complaint

   c. ☑ Alternative Dispute Resolution (ADR) package

   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ cross-complaint

   f. ☑ other *(specify documents):* Notice of Case Management Conference (CV003)

3. a. Party served *(specify name of party as shown on documents served):*

   Ball Corporation

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

   John Montijo (CT Corporation System), registered agent for service of process in CA

4. Address where the party was served:
   CT Corporation, 330 N Brand Blvd Suite 700; Glendale, CA 91203

5. I served the party *(check proper box)*

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* Nov. 8, 2021    (2) at *(time):* 12:23 p.m.

   b. ☐ **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Kimberly Mercer | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: Ball Metalpack (Oakdale), LLC, et al. | CV-21-005945 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                     (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
    a. ☐ as an individual defendant.
    b. ☐ as the person sued under the fictitious name of *(specify):*
    c. ☐ as occupant.
    d. ☑ On behalf of *(specify):* Ball Corporation
        under the following Code of Civil Procedure section:

| | |
| --- | --- |
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
    a. Name: C. Smith
    b. Address: Process Service Associates, 17216 Saticoy Street #358, Van Nuys, CA 91406
    c. Telephone number: (661) 799-0231
    d. **The fee** for service was: $ 49.50
    e. I am:
        (1) ☐ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☑ a registered California process server:
            (i) ☑ owner ☐ employee ☐ independent contractor.
            (ii) Registration No.: 2016184353
            (iii) County: Los Angeles

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 11/10/2021

C. Smith
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *C. Smith* (signature)
(SIGNATURE )

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Christopher Banks (SBN 279895)<br>Law Offices of Phil Horowitz<br>428 13th Street, 11th Floor<br>Oakland, CA 94612<br>TELEPHONE NO.: (415) 391-0111  FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* chris@philhorowitz.com<br>ATTORNEY FOR *(Name):* Plaintiff Kimberly Mercer | Electronically Filed<br>11/12/2021 8:00 AM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Marie Brillon, Deputy |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Stanislaus | |
|---|---|
| STREET ADDRESS: 801 10th Street 4th floor | |
| MAILING ADDRESS: 801 10th Street 4th floor | |
| CITY AND ZIP CODE: Modesto, 95354 | |
| BRANCH NAME: | |

| PLAINTIFF/PETITIONER: Kimberly Mercer | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ball Metalpack (Oakdale), LLC, et al. | CV-21-005945 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

    a. ☑ summons

    b. ☑ complaint

    c. ☑ Alternative Dispute Resolution (ADR) package

    d. ☑ Civil Case Cover Sheet *(served in complex cases only)*

    e. ☐ cross-complaint

    f. ☑ other *(specify documents):* Notice of Case Management Conference (CV003)

3. a. Party served *(specify name of party as shown on documents served):*

    Ball Metalpack (Oakdale), LLC

    b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

    John Montijo (CT Corporation System), registered agent for service of process in CA

4. Address where the party was served:

    CT Corporation, 330 N Brand Blvd Suite 700; Glendale, CA 91203

5. I served the party *(check proper box)*

    a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* Nov. 8, 2021  (2) at *(time):* 12:23 p.m.

    b. ☐ **by substituted service.** On *(date):*  at *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

    (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

    (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

    (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

    (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*  from *(city):*  or ☐ a declaration of mailing is attached.

    (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF/PETITIONER: Kimberly Mercer | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Ball Metalpack (Oakdale), LLC, et al. | CV-21-005945 |

5. c. ☐ **by mail and acknowledgment** of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                      (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* Ball Metalpack (Oakdale), LLC
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☑ other: Limited Liability Company |

7. **Person who served papers**
  a. Name: C. Smith
  b. Address: Process Service Associates, 17216 Saticoy Street #358, Van Nuys, CA 91406
  c. Telephone number: (661) 799-0231
  d. **The fee** for service was: $ 20.00
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☑ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.: 2016184353
      (iii) County: Los Angeles

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 11/10/2021

C. Smith                        ▶   *C. Smith*
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)       (SIGNATURE )

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Christopher Banks (SBN 279895)<br>Law Offices of Phil Horowitz<br>428 13th Street, 11th Floor<br>Oakland, CA 94612<br>TELEPHONE NO.: (415) 391-0111  FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* chris@philhorowitz.com<br>ATTORNEY FOR *(Name):* Plaintiff Kimberly Mercer | Electronically Filed<br>11/12/2021 8:00 AM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Marie Brillon, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Stanislaus
STREET ADDRESS: 801 10th Street 4th floor
MAILING ADDRESS: 801 10th Street 4th floor
CITY AND ZIP CODE: Modesto, 95354
BRANCH NAME:

| PLAINTIFF/PETITIONER: Kimberly Mercer | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ball Metalpack (Oakdale), LLC, et al. | CV-21-005945 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:

    a.  ☑  summons

    b.  ☑  complaint

    c.  ☑  Alternative Dispute Resolution (ADR) package

    d.  ☑  Civil Case Cover Sheet *(served in complex cases only)*

    e.  ☐  cross-complaint

    f.  ☑  other *(specify documents):* Notice of Case Management Conference (CV003)

3.  a.  Party served *(specify name of party as shown on documents served):*

    Ball Metalpack, LLC

    b.  ☑  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

    John Montijo (CT Corporation System), registered agent for service of process in CA

4.  Address where the party was served:
    CT Corporation, 330 N Brand Blvd Suite 700; Glendale, CA 91203

5.  I served the party *(check proper box)*

    a.  ☑  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* Nov. 8, 2021  (2) at *(time):* 12:23 p.m.

    b.  ☐  **by substituted service.** On *(date):*  at *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1)  ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4)  ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*  from *(city):*  or ☐ a declaration of mailing is attached.

        (5)  ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                         (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* Ball Metalpack, LLC
    under the following Code of Civil Procedure section:

| | |
| --- | --- |
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☑ other: Limited Liability Company |

7. **Person who served papers**
  a. Name: C. Smith
  b. Address: Process Service Associates, 17216 Saticoy Street #358, Van Nuys, CA 91406
  c. Telephone number: (661) 799-0231
  d. The fee for service was: $ 20.00
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☑ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.: 2016184353
      (iii) County: Los Angeles

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 11/10/2021

C. Smith       ▶       *C. Smith*
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)       (SIGNATURE)

Jason A. Geller (SBN 168149)
E-Mail: jgeller@fisherphillips.com
Juan C. Araneda (SBN 213041)
E-Mail: jaraneda@fisherphillips.com
Aaron M. Cargain (SBN 281336)
E-Mail: acargain@fisherphillips.com
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2050
San Francisco, California 94111
Telephone: (415) 490-9000
Facsimile: (415) 490-9001

Attorneys for Defendant
BALL CORPORATION

Electronically Filed
12/8/2021 10:15 AM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Carly Bonzi, Deputy

$435 PD

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF STANISLAUS

| | |
|---|---|
| KIMBERLY MERCER,<br><br>        Plaintiff,<br><br>   v.<br><br>BALL METALPACK (OAKDALE), LLC;<br>BALL METALPACK, LLC; BALL<br>CORPORATION; and, DOES 1 through 100,<br>inclusive,<br><br>        Defendants. | CASE NO.: CV-21-005945<br>*Assigned for all purposes to the*<br>*Honorable Sonny S. Sandhu, Dept. 24*<br><br>**DEFENDANT BALL CORPORATION'S**<br>**ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: November 2, 2021<br>Trial Date:    Not Set |

Defendant, BALL CORPORATION ("Defendant"), responds to Plaintiff's unverified complaint as follows:

## ANSWER

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally denies each and every allegation and cause of action in Plaintiff's unverified complaint. In addition to this general denial, pursuant to Code of Civil Procedure section 431.30(g), Defendant asserts the following affirmative defenses.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses. By asserting these affirmative defenses, Defendant does not concede that Defendant has the burden of proof as to any affirmative defenses asserted below. Defendant does not presently know all the facts concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Defendant will seek leave of this Court to amend this Answer should it later discovery facts demonstrating the existence of additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff's complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies and/or internal grievance procedures as against this Defendant.

## THIRD AFFIRMATIVE DEFENSE

3.     This answering Defendant was not Plaintiff's employer, had no control over Plaintiff's employment, and had no control over the other entities, supervisors, or employees who purportedly undertook the acts and/or omissions as alleged in Plaintiff's Complaint.

## FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff's complaint, and each and every cause of action therein, is barred by applicable statutes of limitations, including, but not limited to, Code of Civil Procedure sections 335.1 338, 339, 340, and 343; and California Government Code sections 12960 and 12965.

///

DEFENDANT BALL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's complaint, and each and every cause of action therein, is barred by the exclusive remedy provisions of the Workers' Compensation Act pursuant to California Labor Code section 3601 *et seq.*

## SIXTH AFFIRMATIVE DEFENSE

6. If Plaintiff has received, or in the future receives, Workers' Compensation benefits by reason of the claimed injuries which give rise to this suit, any judgment rendered in favor of Plaintiff should be reduced by the amount of all Workers' Compensation benefits paid to or on behalf of Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff is estopped by her conduct from recovering any relief sought in the complaint, or in any purported cause of action alleged therein.

## EIGHTH AFFIRMATIVE DEFENSE

8. By her conduct, Plaintiff has waived any right to recover any relief sought in the complaint, or in any purported cause of action alleged therein.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff is guilty of undue delay in filing and prosecuting this suit, and accordingly, this action is barred by laches.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's complaint, and each and every cause of action alleged therein, is barred to the extent Plaintiff had executed a legally enforceable compromise and/or release of any claims asserted in the complaint.

## TWELFTH AFFIRMATIVE DEFENSE

12. The acts of the other named Defendants of which Plaintiff complains were all undertaken outside the scope of their agency and/or employment and without the knowledge or consent of this answering Defendant, which may not be held liable therefor.

///

DEFENDANT BALL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    The acts and/or omissions of the unnamed "Doe" Defendants of which Plaintiff complains were all undertaken outside the scope of such Defendants' agency and/or employment and were undertaken without the knowledge or consent of this answering Defendant, which may not be held liable for such acts and/or omissions.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    There existed legitimate, non-discriminatory, and non-retaliatory reasons for the alleged acts of Defendant of which Plaintiff complains.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    The alleged acts of which Plaintiff complains were based on reasonable factors other than her sex, gender, purported disability, or any other protected factor, including Plaintiff's alleged opposition to purportedly discriminatory, hostile, or retaliatory workplace practices.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    The action is barred because any reasonable accommodation that Defendant could have provided to Plaintiff that would have enabled Plaintiff to perform Plaintiff's essential functions and duties would have resulted in an undue hardship to Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Certain potential accommodations were not readily achievable, feasible, and/or would result in an undue burden on Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    If it is found that Defendant's actions were motivated by both discriminatory/retaliatory and non-discriminatory/non-retaliatory reasons, the non-discriminatory/non-retaliatory reasons alone would have induced Defendant to make the same decision.

///

DEFENDANT BALL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

## TWENTIETH AFFIRMATIVE DEFENSE

20.    Plaintiff's claims are barred because her perception of conduct alleged to constitute harassment was not reasonable.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Plaintiff's claims are barred because alleged incidents of harassment were not sufficiently severe or pervasive so as to alter the terms and conditions of Plaintiff's employment and create an abusive work environment.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    Plaintiff welcomed any conduct she alleged to be harassing.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Defendant exercised reasonable care to prevent and promptly correct any allegedly harassing behavior.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    Plaintiff's reasonable use of procedures to prevent and/or correct the allegedly harassing behavior would have prevented all or some of the alleged harm she claims to have suffered.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    Plaintiff's claims are barred because the actions complained of were protected by the free speech provisions of the First Amendment to the United States Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    Any recovery on Plaintiff's complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate her damages.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of punitive or exemplary damages would violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States

Constitution.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     Defendant alleges that without admitting to any of the acts, conduct or statements attributed to Defendant in the complaint, that Plaintiff's claims for punitive damages are barred because the acts, conduct, or statements contained in Plaintiff's complaint were not taken with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of Defendant.

**WHEREFORE**, this answering Defendant prays as follows:

1.     That Plaintiff take nothing by her complaint for damages;

2.     That Plaintiff's complaint herein be dismissed in its entirety with prejudice;

3.     That Defendant recover its costs of suit herein, including its reasonable attorneys' fees; and

4.     That the court award such other and further relief as it deems appropriate.


DATE: December 8, 2021                    FISHER & PHILLIPS LLP


                                        By: _____/s/ *Aaron M. Cargain*
                                            Jason A. Geller
                                            Juan C. Araneda
                                            Aaron M. Cargain
                                            Attorneys for Defendant
                                            BALL CORPORATION

DEFENDANT BALL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

FP 42480029.1

**PROOF OF SERVICE**
(CCP §§1013(a) and 2015.5)

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of San Francisco with the law offices of Fisher & Phillips LLP and its business address is One Embarcadero Center, Suite 2050, San Francisco, California 94111.

On the date set forth below, I served the foregoing document entitled, **DEFENDANT BALL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** on all the appearing and/or interested parties in this action as follows:

| | |
|---|---|
| Phil Horowitz<br>Chris Banks<br>Law Offices of Phil Horowitz<br>428 Thirteenth Street, 11th Floor<br>Oakland, CA 94612 | **Attorneys for Plaintiff**<br>**KIMBERLY MERCER**<br><br>Telephone: (415) 391-0111<br>Email: phil@philhorowitz.com<br>        chris@philhorowitz.com |
| Erika Shao<br>Wanja S. Guy<br>Gordon & Rees LLP<br>633 W 5th St Fl 52<br>Los Angeles, CA 90071-2086 | **Attorneys for Defendants**<br>**BALL METALPACK (OAKDALE), LLC and**<br>**BALL METALPACK, LLC**<br><br>Phone: 213-576-5034<br>Fax: 213-680-4470<br>Email: eshao@grsm.com<br>        wguy@grsm.com |

☒ **[by ELECTRONIC SERVICE]** - I electronically served the document(s) to the person(s) at the electronic service address(es) listed above. (Cal. Rules of Court, 2.251(c)(3))

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on December 8, 2021, at San Francisco, California.

_____          By: _____
Natalie Larios                                                          Signature
Print Name

ERIKA L. SHAO  (SBN:  265917)
eshao@grsm.com
WANJA S. GUY  (SBN:  275734)
wguy@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone:  (213) 576-5034
Facsimile:  (213) 680-4470

Attorneys for Defendants
BALL METALPACK, LLC (erroneously named and served as BALL METALPACK
(OAKDALE), LLC)

Electronically Filed
12/8/2021 11:47 AM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Tracy Lujan, Deputy

$435.00 pd

SUPERIOR COURT OF CALIFORNIA

COUNTY OF STANISLAUS

| | |
|---|---|
| Kimberly Mercer,<br><br>                      Plaintiff,<br><br>     vs.<br><br>BALL METALPACK (OAKDALE), LLC,<br>BALL METALPACK, LLC, BALL<br>CORPORATION, and DOES 1 through 100,<br>inclusive,<br><br>                    Defendants. | CASE NO.  CV-21-005945<br><br>**DEFENDANT BALL METALPACK,<br>LLC'S ANSWER TO PLAINTIFF'S<br>UNVERIFIED COMPLAINT**<br><br><br><br>Complaint filed: November 2, 2021 |

Defendant BALL METALPACK, LLC (erroneously named and served as BALL

METALPACK (OAKDALE), LLC) ("Defendant"), for itself alone, and in answer to Plaintiff

KIMBERLY MERCER's ("Plaintiff") unverified Complaint, hereby pleads:


**GENERAL DENIAL**

Pursuant to Code of Civil Procedure section 431.30, Defendant generally and specifically

denies each and every allegation of Plaintiff's Complaint, and further denies that Plaintiff has

been damaged in any sum, or at all, by reason of any act or omission of this answering

Defendant.

///

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Defendant, through its attorneys, asserts against Plaintiff the following separate and distinct affirmative defenses, the applicability of which will be determined through the course of investigation and discovery:

## FIRST AFFIRMATIVE DEFENSE

### (No Cause of Action)

1.      For a first, separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every purported cause of action contained therein as alleged against Defendant, fails to state facts sufficient to constitute any cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity)

2.      For a second, separate and distinct affirmative defense, Defendant alleges that any and all claims by Plaintiff for damages for emotional, mental and/or physical distress or injury, are preempted by the Workers' Compensation Act, California Labor Code sections 3200 *et seq.*, as the alleged injuries arose as a result of and in the course and scope of his employment.  This Court lacks subject matter jurisdiction over Plaintiff's claims and/or lacks the power to grant certain remedies which are within the exclusive province of the Workers' Compensation Appeals Board.

## THIRD AFFIRMATIVE DEFENSE

### (Managerial Discretion)

3.      For a third, separate and distinct affirmative defense, Defendant alleges that any and all decisions made and actions taken by and/or on behalf of Defendant were made and taken in the exercise of proper managerial discretion and in good faith.

## FOURTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons)

4.      For a fourth, separate and distinct affirmative defense, Defendant alleges that any and all decisions made and actions taken by and/or on behalf of Defendant were based upon

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

lawful, valid, non-discriminatory, and non-retaliatory business reasons.

## FIFTH AFFIRMATIVE DEFENSE

### (Privilege)

5.      For a fifth, separate and distinct affirmative defense, Defendant alleges that any and all acts, conduct or statements by and/or attributed to Defendant were justified, undertaken in good faith and/or privileged.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

6.      For a sixth, separate and distinct affirmative defense, Defendant alleges that any damages otherwise recoverable by Plaintiff are barred and/or limited by Plaintiff's failure to exercise reasonable diligence in attempting to mitigate his alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

7.      For a seventh, separate and distinct affirmative defense, Defendant alleges upon information and belief that Plaintiff is barred by the doctrine of unclean hands from maintaining this action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel/Laches)

8.      For an eighth, separate and distinct affirmative defense, Defendant alleges that Plaintiff is barred from obtaining the relief sought, or pursuing any of the claims raised or causes of action contained in his Complaint, under the doctrines of waiver, estoppel and laches by virtue of his acts, failures to act, conduct, representations, admissions, and the like.

## NINTH AFFIRMATIVE DEFENSE

### (Justified Conduct)

9.      For a ninth, separate and distinct affirmative defense, Defendant alleges that, with respect to the matters alleged in the Complaint, and each and every purported cause of action contained therein, Defendant's conduct was justified, and, by reason of the foregoing, Plaintiff is

barred from any recovery against Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Compliance with Laws)

10.     For a tenth, separate and distinct affirmative defense, Defendant alleges that it has complied with all laws and regulations with regard to the subject matter of Plaintiff's Complaint, and each and every purported cause of action contained therein, and is therefore not liable to Plaintiff for any damages he may have sustained, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Protection of Economic Interest)

11.     For an eleventh, separate and distinct affirmative defense, Defendant alleges that its conduct was privileged and that Defendant was free to pursue its own economic interest, in good faith, even though emotional distress was substantially certain to result.

## TWELFTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence Doctrine)

12.     For a twelfth, separate and distinct affirmative defense, Defendant alleges upon information and belief that after-acquired evidence bars and/or limits the amount of damages Plaintiff can recover on his claims, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Qualifications)

13.     For a thirteenth, separate and distinct affirmative defense, Defendant alleges that its decisions with respect to Plaintiff's employment were justified based upon its judgment of differences in individual performance, qualifications, skill, effort, experience, responsibility, merit, seniority, and/or other bona fide qualification.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Conduct)

14.     For a fourteenth, separate and distinct affirmative defense, Defendant alleges that all acts done by it were performed fairly, in good faith, and for a lawful purpose, and

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

DEFENDANT BALL METALPACK, LLC'S ANSWER
TO PLAINTIFF'S UNVERIFIED COMPLAINT

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Defendant's conduct was in compliance with its obligations under applicable law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Others)

15.     For a fifteenth, separate and distinct affirmative defense, Defendant alleges that if Plaintiff was injured as alleged in the Complaint, he was injured by acts or omissions of persons or organizations other than Defendant, who were neither under the control of, nor in the employ of, Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Mixed Motive)

16.     For a sixteenth, separate and distinct affirmative defense, Defendant alleges, without admitting any such discrimination occurred, that Defendant would have made the same decisions with respect to Plaintiff's employment absent any alleged discrimination by Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

17.     For a seventeenth, separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred as he has failed to exhaust administrative remedies pursuant to California Government Code sections 12960, 12965 and all other applicable laws.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

18.     For an eighteenth, separate and distinct affirmative defense, Defendant alleges that Plaintiff's Complaint and each and every cause of action purported to be alleged therein is barred by the applicable statute of limitations contained in California Code of Civil Procedure §§ 337, 338, 339, and 343; California Labor Code §§ 226.7, 1197.5, 2802, and any other applicable statutes of limitations.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Reasonable Accommodation Provided)

19.     For a nineteenth, separate and distinct affirmative defense, Defendant alleges that

it provided reasonable accommodations to Plaintiff to the extent that one was requested.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Reasonable Accommodation Request/Reasonable Accommodation Rejected)

20.     For a twentieth, separate and distinct affirmative defense, Defendant alleges that the relief prayed for in the Complaint is barred because Plaintiff never requested a "reasonable accommodation" as defined under the FEHA, Government Code § 12926(n).  Additionally, to the extent Plaintiff alleges he sought reasonable accommodations, those were not reasonable accommodations, because, for example, they would have constituted fundamental alterations and/or Plaintiff rejected Defendant's offer of reasonable accommodation to Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Undue Hardship)

21.     For a twenty-first, separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims of disability discrimination are barred because it would be an undue hardship to provide Plaintiff with any accommodation under the circumstances presented by Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Not a Qualified Individual)

22.     For a twenty-second, separate and distinct affirmative defense, Defendant alleges that Plaintiff is not a qualified individual with a disability or handicap as defined by the Fair Employment Housing Act, the Disabled Persons Act, the Americans with Disabilities Act, the Rehabilitation Act and/or the Unruh Civil Rights Act and applicable state or federal regulations.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Inability to Perform Essential Functions)

23.     For a twenty-third, separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims of disability discrimination are barred because Plaintiff was not able to perform the essential functions of the position or of any open position for which Plaintiff was qualified with or without reasonable accommodation.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Avoidable Consequences)**

24.     For a twenty-fourth, separate and distinct affirmative defense, Defendant exercised reasonable care to prevent and correct any behavior, and Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities, including but not limited to, using the complaint procedure provided by Defendant that would otherwise have prevented some or all of Plaintiff's alleged harm.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Remedial Measures)**

25.     For a twenty-fifth, separate and distinct affirmative defense, Defendant alleges that there were policies and procedures in effect regarding the prohibition, reporting, and remediation of all types of harassment, discrimination, and retaliation, whether on the basis of disability discrimination, CFRA leave, or otherwise.  Plaintiff was aware of these policies and procedures.  Defendant exercised reasonable care to prevent and promptly correct any discrimination, harassment, and/or retaliation, and Plaintiff unreasonably failed either to take advantage of preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.  To the extent Plaintiff alleges that he availed himself of Defendant's reporting or complaint procedures, any such report or complaint was promptly and adequately investigated and appropriate remedial measures were taken, if applicable.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Variance to Allegations)**

26.     For a twenty-sixth, separate and affirmative defense, Defendant alleges that Plaintiff's claims under the California Department Fair Employment and Housing Act are barred to the extent they vary from the allegations of the administrative charge filed with the appropriate agency.

///

///

### <u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>

**(Right to Set Off)**

27.     For a twenty-seventh, separate and affirmative defense, Defendant alleges that it is entitled to a setoff for amounts Plaintiff owes Defendant for receipt of any wages and other benefits to which he was not entitled and/or did not earn.

### <u>TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>

**(Receipt of All Sums and Benefits)**

28.     For a twenty-eighth, separate and affirmative defense, Defendant alleges that Plaintiff has been timely paid and/or received all sums, wages, and benefits by virtue of Plaintiff's employment, and therefore Defendant is released from any and all continuing obligations to him.

### <u>TWENTY-NINTH AFFIRMATIVE DEFENSE</u>

**(Interactive Process)**

29.     For a twenty-ninth, separate and affirmative defense, Defendant alleges that it engaged in timely, good faith, interactive process with Plaintiff.

### <u>THIRTIETH AFFIRMATIVE DEFENSE</u>

**(No Public Policy Violation)**

30.     For a thirtieth, separate and affirmative defense, Defendant alleges that no employment decisions made regarding Plaintiff violated any well-defined public policy embodied in a constitution, statute or regulation.

### <u>THIRTY-FIRST AFFIRMATIVE DEFENSE</u>

**(At-Will Employee)**

31.     For a thirty-first, separate and affirmative defense, Defendant alleges that at all relevant times, Plaintiff was an at-will employee, subject to termination, with or without cause, and with or without notice.

///

///

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Punitive Damages/No Oppression, Fraud or Malice)

32.     For a fortieth, separate and affirmative defense, Defendant alleges that the Complaint, and each and every purported cause of action contained therein as alleged against Defendant, fails to state facts sufficient to state a claim for punitive damages against Defendant. Defendant alleges that Plaintiff is not entitled to recover punitive damages because he has failed to plead and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice as required by California Civil Code § 3294.  Further, Defendant committed no oppressive, fraudulent or malicious acts with respect to Plaintiff, did not engage in despicable conduct with respect to Plaintiff, nor did Defendant, authorize or ratify any such acts.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Additional Defenses)

33.     For a thirty-third, separate and affirmative defense, Defendant alleges that it may have other, separate, and additional defenses of which it is not presently aware, and hereby reserves the right to assert them by amendment to this answer, as allowed and permitted under California law.

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing by reason of his Complaint on file herein, and the Complaint be dismissed with prejudice;

2.     That Defendant recovers its costs and attorneys' fees incurred herein;

3.     For interest and all sums provided by law; and

4.     For such other and further relief as this Court deems just and proper.

Dated: December 8, 2021            GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Erika L. Shao
Wanja S. Guy
Attorneys for Defendants
BALL METALPACK, LLC (erroneously
named and served as BALL METALPACK
(OAKDALE), LLC

# PROOF OF SERVICE

*Kimberly Mercer v Ball Metalpack (Oakdale, LLC, et al.,*
Stanislaus Superior Court Case No. CV-21-005945

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP 633 West Fifth Street, 52nd floor, Los Angeles, CA 90071. On December 8, 2021, I served the within documents:

**DEFENDANT BALL METALPACK, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☒ **By U.S. Mail.** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California addressed to the person(s) at the address(es) set forth below as part of the ordinary business practices of Gordon Rees Scully Mansukhani LLP.

☒ **By Electronic Mail Service** (C.C.P. 1010.6). By transmitting a true and correct copy of the documents via electronic mail in .pdf format as an email attachment to each addressee(s) email address(es) which is the last known email(s) provided. The transmission was complete and confirmed. A copy of the transmittal e-mail will be maintained with the original document(s) in my office.

| | |
|---|---|
| Phil Horowitz<br>Chris Banks<br>Law Offices of Phil Horowitz<br>428 Thirteenth Street, 11th Floor<br>Oakland, CA 94612<br>Tel: (415) 391-0111<br>Email: phil@philhorowitz.com<br><br>***Attorneys for Plaintiff***<br>Kimberly Mercer | Jason A. Geller<br>Juan C. Araneda<br>Aaron M. Cargain<br>Fisher & Phillips LLP<br>One Embarcadero Center, Suite 2050<br>San Francisco, CA 94111<br>Tel: (415) 490-9000<br>Email: jgeller@fisherphillips.com;<br>jaraneda@fisherphillips.com;<br>acargain@fisherphillips.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 8, 2021 at Los Angeles, California.

_____
Martha C. Flores

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

# EXHIBIT B

EXHIBIT B

16-414090



# State of California
## Secretary of State

STATEMENT OF INFORMATION  129
(Limited Liability Company)
Filing Fee $20.00. If this is an amendment, see instructions.
IMPORTANT — READ INSTRUCTIONS BEFORE COMPLETING THIS FORM

L

FILED
Secretary of State
State of California

APR 22 2016

This Space For Filing Use Only

1.  LIMITED LIABILITY COMPANY NAME

Ball Metal Food Container, LLC
9300 W 108th Circle
Westminster, CO  80021

**File Number and State or Place of Organization**

| 2.  SECRETARY OF STATE FILE NUMBER | 3.  STATE OR PLACE OF ORGANIZATION (If formed outside of California) |
|---|---|
| 201411210234 | Delaware |

**No Change Statement**

4.  If there have been any changes to the information contained in the last Statement of Information filed with the California Secretary of State, or no Statement of Information has been previously filed, this form must be completed in its entirety.

☐  If there has been no change in any of the information contained in the last Statement of Information filed with the California Secretary of State, check the box and proceed to **Item 15.**

**Complete Addresses for the Following** (Do not abbreviate the name of the city. Items 5 and 7 cannot be P.O. Boxes.)

| | | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 5.  STREET ADDRESS OF PRINCIPAL OFFICE | 9300 W 108th Circle | Westminster | CO | 80021 |
| 6.  MAILING ADDRESS OF LLC, IF DIFFERENT THAN ITEM 5 | | CITY | STATE | ZIP CODE |
| 7.  STREET ADDRESS OF CALIFORNIA OFFICE | | CITY | STATE CA | ZIP CODE |

**Name and Complete Address of the Chief Executive Officer, If Any**

| 8.  NAME | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| James N. Peterson | 9300 W 108th Circle | Westminster, CO | | 80021 |

**Name and Complete Address of Any Manager or Managers, or if None Have Been Appointed or Elected, Provide the Name and Address of Each Member** (Attach additional pages, if necessary.)

| | NAME | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|---|
| 9.  NAME | Charles E. Baker | 10 Longs Peak Dr | Broomfield, CO | | 80021 |
| 10.  NAME | James N. Peterson | 9300 W 108th Circle | Westminster, CO | | 80021 |
| 11.  NAME | John A. Hayes | 10 Longs Peak Dr | Broomfield, CO | | 80021 |

**Agent for Service of Process** If the agent is an individual, the agent must reside in California and Item 13 must be completed with a California address, a P.O. Box is not acceptable. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 13 must be left blank.

| 12.  NAME OF AGENT FOR SERVICE OF PROCESS | | | | |
|---|---|---|---|---|
| C T Corporation System  (C01669406) | | | | |
| 13.  STREET ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | STATE CA | ZIP CODE | |

**Type of Business**

14.  DESCRIBE THE TYPE OF BUSINESS OF THE LIMITED LIABILITY COMPANY
Manufacture of metal food containers

| 15.  THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT. | | | |
|---|---|---|---|
| 4/7/2016 | John H. Wells | Vice President | |
| DATE | TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM | TITLE | SIGNATURE |

LLC-12 (REV 01/2014)                                                    APPROVED BY SECRETARY OF STATE

# EXHIBIT C

# EXHIBIT C



## Secretary of State
## Foreign Limited Liability
## Company (LLC)
## Name Change Amendment

**LLC-6**

**IMPORTANT — Read Instructions before completing this form.**

Must be submitted with a current certificate evidencing the name change issued by the government agency where the LLC was formed. *See Instructions.*

**Filing Fee** — **$30.00**

**Copy Fees** — First page $1.00; each attachment page $0.50;
Certification Fee - $5.00

**Note:** You must file a Statement of Information (Form LLC-12) to change the LLC's business address(es), or to change the name or address of the LLC's agent for service of process. Statements of Information (Form LLC-12) can be filed online at *bizfile.sos.ca.gov.*

**FILED**
Secretary of State
State of California
SEP 1 0 2018

*Above Space For Office Use Only*

**1. LLC Exact Name Used in California** (Enter the name used in California exactly as listed on the records of the California Secretary of State.)

Ball Metal Food Container, LLC

**2. LLC 12-Digit (File) Entity Number** (Enter the exact 12-digit Entity (File) Number issued by the California Secretary of State.)

201411210234

**3. New LLC Name in the State, Country, or Other Place of LLC Formation** (If the LLC changed its name in the jurisdiction of formation, list the new LLC name as listed on your attached certificate evidencing the name change.)

Ball Metalpack, LLC

**4. California Alternate Name, if Required** (*See Instructions* - Complete either 4a, 4b, OR 4c)

4a. List an alternate name to be used in California if: (1) the LLC name in Item 3 does not comply with California naming requirements or (2) you only are filing this form to change an existing alternate name used in California. List the alternate name exactly as it is to appear on the records of the California Secretary of State.

4b. Check this box if you completed Item 3, above **and** if applicable. If you check this box, do not complete Item 4a above or 4c below.

☐ This LLC registered in California before January 1, 2014; currently transacts intrastate business in California under the alternate name listed in Item 1 above; and upon this filing, will continue to transact intrastate business in California under the alternate name listed in Item 1 above.

4c. If you check this box, do not complete Item 4a or 4b above.

☐ Check this box if you are relinquishing the California alternate name.

**Signature**

By signing, I certify that the information is true and correct and that I am authorized to sign on behalf of the foreign LLC. The attachments, if any, attached hereto are incorporated herein by this reference.

_____
Signature

Barbara Velasco
_____
Type or Print Name

LLC-6 (REV 11/2017)

2017 California Secretary of State
bizfile.sos.ca.gov

CA084 - 12/05/2017 Wolters Kluwer Online

# Delaware

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THAT THE SAID "BALL METAL FOOD CONTAINER, LLC", FILED A RESTATED CERTIFICATE, CHANGING ITS NAME TO "BALL METALPACK, LLC" ON THE TWENTY-FIRST DAY OF AUGUST, A.D. 2018, AT 8:39 O`CLOCK A.M.

Jeffrey W. Bullock, Secretary of State

943178  8320
SR# 20186558458

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 203384413
Date: 09-07-18

2014112I0234

# EXHIBIT D

EXHIBIT D



# Corporation - Statement of Information

| | |
|---|---|
| Entity Name: | BALL CORPORATION |

| | |
|---|---|
| Entity (File) Number: | C0278272 |
| File Date: | 09/04/2020 |
| Entity Type: | Corporation |
| Jurisdiction: | INDIANA |
| Document ID: | GJ26097 |

**Detailed Filing Information**

1. Entity Name:

   BALL CORPORATION

2. Business Addresses:
   a. Street Address of Principal
      Office in California:

   b. Mailing Address:

   P O Box
   Broomfield, Colorado 80021
   United States of America

   c. Street Address of Principal
      Executive Office:

   9200 W 108th Circle
   Westminster, Colorado 80021
   United States of America

3. Officers:
   a. Chief Executive Officer:

   John A Hayes
   9200 W 108th Circle
   Westminster, Colorado 80021
   United States of America

   b. Secretary:

   Charles E Baker
   9200 W 108th Circle
   Westminster, Colorado 80021
   United States of America

Document ID: GJ26097

Officers (cont'd):

    c.   Chief Financial Officer:

Scott C Morrison
9200 W 108th Circle
Westminster, Colorado 80021
United States of America

4.   Director:

Not Applicable

Number of Vacancies on the Board of
Directors:

Not Applicable

5.   Agent for Service of Process:

C T CORPORATION SYSTEM
(C0168406)

6.   Type of Business:

Administrative support to subsidiaries

By signing this document, I certify that the information is true and correct and that I am authorized by
California law to sign.

Electronic Signature:   Scott C Morrison

*Use bizfile.sos.ca.gov for online filings, searches, business records, and resources.*

Document ID: GJ26097